M. E. MAHER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

The defendant was indicted prior to June, 1873, in the superior court of Fulton county, for keeping open a tippling house on the 4th day of May, 1873, the same being the Sabbath. He gave bond for his appearance to answer the charge.  Pending that indictment he was prosecuted in the city court of Atlanta for the same offense, charged to have been committed on the 8th day of June, 1873, and on this he was regularly tried and convicted by a jury and fined.  When called for trial on the indictment, he pleaded this conviction with all necessary averments, alleging that both proceedings were for the same act and offense, and that on the trial in the city court, evidence was introduced by the state as to his guilt on a day prior to the day mentioned in the indictment.   On the hearing of a motion to strike the plea, the above facts were admitted by the state to be true :

*Held,* that the motion should have been overruled and the plea sustained.

Criminal law.   *Autrefois convict.*   Jurisdiction.   Before Judge HOPKINS.   Fulton Superior Court.   October Term, 1873.

The facts of this case are fully reported in the above headnote.

HILLYER & BROTHER, for plaintiff in' error.

JOHN T. GLENN, solicitor general, for the state.·

Maher *vs.* The State of Georgia.

TRIPPE, Judge.

On the hearing of the demurrer to the plea of former conviction, it was admitted by the solicitor general that the offense with which the indictment charged the defendant, was the same act and offense for which the conviction was previously had in the city court. It is not denied that the city court had jurisdiction over such misdemeanors. But the state claims that where an indictment is pending in the superior court, and the defendant has been arrested and given bond, he cannot, if afterwards prosecuted and tried in the city court for the same offense—the same act—plead the judgment of the latter court in bar to the indictment in the superior court. The grounds relied on in support of this position are, that when there is an indictment in a superior court, under which the accused has been arrested, an inferior court has no jurisdiction to prosecute and try the defendant for the same offense, and that if jurisdiction existed, it is the duty of the defendant to plead the former indictment in bar of the proceedings in the inferior court, and a failure so to do is a fraud which disables him from pleading the judgment of the latter court to the indictment. If this position be true, what would have been the situation of the plaintiff in error? He was indicted in the superior court for keeping open a tippling house on the 4th of April, 1873, the same being the Sabbath. He was prosecuted in the city court for committing the same offense, on the 8th day of June, 1873. No one can doubt that he could have committed the two offenses on the two days charged, and that he could have been indicted and convicted of each. Had he been tried and convicted or acquitted, at the term of the superior court at which the indictment was found, he could not have pleaded the judgment against the accusation in the city court, unless he would go further, and show that the prosecution in the city court was for the identical act for which he had been tried in the superior court. The record would have been of no avail, unless supplemented by other proof. So if he had pleaded in the city court the

pendency of the indictment in the superior court, the record would not have supported a plea that it was for one and the same offense. One would have been for an offense alleged to have been committed on the 4th of April, and the other for the same offense, (same in character) but committed on the 8th of June. The first indictment was found in April, the latter prosecution instituted in August. So the record would not have availed him. Will it be said that he still should have pleaded the indictment to the accusation in the city court, so as to have been ready to sustain an objection at the trial in the city court, to any testimony going back to the period mentioned in that indictment, to-wit: the 4th of May? The state was not bound to prove the day alleged in the indictment. It could prove that the offense was committed on any day prior to the finding of the bill, even since the day stated therein. The only limitation on its right in this respect is, that the proof must be of a day within the time prescribed by the statute of limitations: *Cook vs. The State,* 11 *Georgia,* 53; *Wingard & Ham vs. The State,* 13 *Ibid.,* 396; *McBryde vs. The State,* 34 *Ibid.,* 202.

So, then, the prosecutor in the superior court could have proven a day subsequent to the time mentioned in the bill of indictment, and if a defendant in the situation of this one, prosecuted in two courts for offenses, though similar in name, yet charged in the respective proceedings against him as two different acts, two different violations of the same law, committed on two different days, is bound on the trial of the last charge brought against him, to meet all these various rights and powers of the prosecution, it would often cast an *onus* upon him which would work a practical denial of his great constitutional right not to be put in jeopardy of life or liberty more than once for the same offense. If the two records or prosecutions showed on their face the identity of the offenses, the criminal acts, the practical hardship would not be so great upon a defendant. But we do not think that under the facts of this case that plaintiff in error should have been denied his plea; and if he had been convicted and punished

Maher *vs.* The State of Georgia.

for the same misdemeanor in the city court, for which the state claimed the power to convict him again, his defense should have been allowed.

Outside of the special facts stated, as shown by the two proceedings, and the reasons, thus far given for the decision we make in this case, and speaking for myself, I am not prepared to sustain either of the grounds upon which it is claimed that the demurrer to the plea should have been allowed. The city court had jurisdiction conferred by law to try this misdemeanor; so did the superior court. I can find no authority for the position that because an indictment has been instituted in one court which had jurisdiction over the offense, therefore any judgment of another court with like jurisdiction, rendered in a prosecution commenced afterwards for the same offense, *was void.* Perhaps the case of Burdette *vs.* The State, 9 Texas, 43, is one decision to that effect. The judgment is put upon the principle that where there are two courts with concurrent jurisdiction, the one first exercising it acquires control of the case to the exclusion of the other. This is true to a certain extent; for a party, if sued in two actions for the same cause, at different terms or in different courts having jurisdiction, may plead the pendency of the first in defense of the second : Code, sec. 2894. But it will hardly be claimed that if a defendant were to fail so to plead, and judgment be taken against him in the second suit and is satisfied, he would be barred from pleading that fact to the first suit, if still pending. Such a failure on the part of a defendant does not give a plaintiff the right to two judgments and a payment of both. The principle was not intended to and does not oust the court in the second suit, of jurisdiction, but its object and effect is to protect a party from two suits at the same time for the same cause of action. It is his duty not to let both judgments go against him. But if the plaintiff does, in fact, get a judgment in either, or a settlement and satisfaction of either, and the other is pending, that fact may be pleaded against it. He cannot say his own proceedings, in which he has obtained satisfaction, are void, and therefore

claim to be paid again. So a party accused of a crime, if indicted for it in two courts having jurisdiction over the offense, may plead the pendency of the first against the second, not to show that the court in which the second is pending has no jurisdiction, but to give that court a reason why it should not exercise the jurisdiction over the offense which, by law, it has. But if no such plea be filed, and the accused is tried and judgment rendered, it is not void, as is the judgment of a court having no jurisdiction. If the defendant is convicted and suffers the penalty, he can assert his right not to be punished twice for the same offense.

The head-note in the case of *Mize vs. The State,* 49 *Georgia,* 375, is, " the plea of *autrefois convict* to an indictment for a misdemeanor in the superior court, may be sustained by proof of such former conviction before an inferior court having jurisdiction of the offense, unless it appear that such indictment was found prior to the prosecution in the inferior court, and that the defendant had been arrested under it." The qualification in the last clause does imply that if the indictment be first found, and the defendant has been arrested, the plea would not be sustained, and doubtless was so construed in making an application of it to this case. But speaking again for myself, I am inclined to the opinion that the principle announced would be good without the qualification. The facts of the case in which that decision was made sustain the judgment without requiring the addition of the proviso, for the record did not show that there had been any arrest.

But, really, can the matter of arresting or not arresting the defendant affect the question of jurisdiction? That is the point now being considered. The superior court has jurisdiction as full and complete over the offense without an arrest, as well as where there is an arrest. The finding of an indictment is a commencement of a prosecution, an assertion of jurisdiction, as much so as if an arrest follows. And if the principle that the first of two courts, having concurrent jurisdiction, which exercises it, acquires control of the case to the exclusion of the other, means that the other court is there-

by ousted of all jurisdiction, and its proceeding would be a nullity, then the same principle would apply in all cases, whether there be an arrest or not, and the Texas decision is the rule in all cases of two prosecutions in two different courts. But the judgment in *Mize vs. The State* is in conflict with that conclusion, and so are the two cases referred to in that decision from North Carolina: 2 Dev. & B., 159; Busbee's Rep., 209; see 1 Bish. on Cr. L., section 679, with notes and authorities cited. I know of no case going as far as the one in the Texas Reports.

As to the other ground taken in the argument, that the failure of defendant to plead the pendency of the indictment was a fraud, no authority was read going to that extent. The cases in 1 N. H., 257; 11 Humph., 599; 1 Swan., 34; and others, were all cases in which it was held that the defendant had by fraud and collusion *procured the prosecution to be instituted against him*, which he afterwards pleaded and relied on. In fact, it is said in some of those cases that the defendant had *managed such prosecution himself*, and that what he had thus procured by fraud he could not avail himself of by way of defense. But even in the case of the State *vs.* Little, 1 N. H., 257, where it was held that the facts showed the defendant did conduct the prosecution against himself, and consequently could not plead the judgment therein, WOODBURY, Judge, said: "But when prosecutions before the higher courts are managed by the attorney general, the solicitor, or counsel appointed by the judges, and before single magistrates, by similar counsel, or by the party aggrieved, or by disinterested individuals, such prosecutions can never, perhaps, be considered fraudulent, for such persons would be presumed to act with proper views, and when not express, might be deemed implied agents for the state."

One remark suggested by this extract: The solicitor general of the superior court of Fulton county is, by law, the solicitor general of the city court. It is true, in his absence there may be a solicitor general *pro tem.* appointed by the court. This was done in this case. The state—the prose-

cutor, was represented in the city court by counsel appointed by the judge of that court.  No act of fraud on the part of any one has been suggested.  There was all the machinery of law—a judge, solicitor general and jury.  The power in the city court to punish the accused was ample.  He was punished by a fine of $150 00.  In default of its payment, he was adjudged to do public work for six months.  He ought not to be punished again, and cannot be, unless a rule of law which does not mean what is claimed for it, overrides one of the most valuable constitutional rights which the citizen has.

Judgment reversed.