THE MISSOURI PACIFIC RAILWAY COMPANY v. AUSTRALIA GIBSON, *as Administratrix of the Estate of J. R. Chambers, deceased.*

No. 8287.

INJURY TO RAILWAY EMPLOYEE—*Instructions—New Trial.* C., a brakeman, was run over and killed by a car which he was to couple to some others on a side-track not ballasted or surfaced. The negligence of the railway company and the contributory negligence of C. constituted the issues. The court instructed the jury, in effect, that it was the duty of the company to keep the side-track in a condition to be "least likely to cause injuries, so far as this can reasonably be done," and referred to "malicious and wilful or wantonly reckless" conduct of the company, although there was no evidence to warrant such an imputation, and sug-

gested a gradation of negligence according to a classification of employees, and gave a definition of contributory negligence tending to obscure rather than throw light upon the subject. *Held*, That a new trial should be granted for misdirection of the jury.

*Error from Butler District Court.*

J. R. CHAMBERS, a brakeman upon a train of the plaintiff in error, was killed at Lyons, in Rice county, on February 29, 1888, at about 4 o'clock in the morning. The train was on its way from Geneseo to Hutchinson, going south, through Lyons, where it became necessary to take out two cars which were standing on the siding on the west side of the main track. Chambers, being the head brakeman, uncoupled the train between the second and third cars; and he rode on one of the two freight-cars attached to the engine to the south end of the side-track, and back northwardly upon the siding, until he was nearing the two standing cars, when he got down to make the coupling; but, before attempting to do so, the moving cars struck those standing on the track, which, not being tightly fastened, or perhaps not at all, or becoming loosened, were propelled northwardly by the collision. The engine and attached cars continued in motion, following up the other two, when one of the attached cars struck and ran over Chambers, almost severing both of his lower limbs from his body, and he died within a little while. It was dark, and Chambers had a lantern. How the casualty occurred the evidence does not definitely show; but the fireman, who was first to reach the injured and dying man, testified that he asked Chambers how it happened, and he answered that he slipped and fell. Australia Chambers, the widow, was duly appointed as administratrix of the estate of said J. R. Chambers, deceased, by whom she had six living

children.   She afterward married a Mr. Gibson.   The plaintiff alleged and sought to prove negligence of the railroad company in three particulars, namely, that the side-track was in a dangerous condition, that the brakes on the two standing cars were not securely drawn or tightened, and that the train was run in upon the siding in a reckless manner.   The railroad was built in 1887, without being fully completed as to ballasting and surfacing.   The siding was first put down on the east side of the main track, but during the winter it was taken up and placed on the west side ; the ties being laid upon the ground, which was nearly level prairie, and the rails upon the ties without any dirt or other material being placed between the ties.   The only evidence that the brakes were not drawn or tightened is the fact that the stroke of the moving cars set them in motion, and when the cars attached to the engine stopped after the four wheels of one car had passed over Chambers, the space between the cars was 12 to 15 feet ; but there was testimony tending to show that the ratchet holding the brake is sometimes loosened by the concussion of cars. There was testimony, also, that the engine and cars were moving about as fast as a man would walk, and that neither the engineer nor the fireman saw any signal from Chambers ; the last indication of his whereabouts being when his lantern disappeared from the view of the fireman behind the moving car.

Trial was had at October term, 1891.   A demurrer to the evidence was overruled, and the jury returned a verdict in favor of the plaintiff for $3,000, and also answered numerous questions of fact submitted on behalf of the defendant below.   Afterward, the defendant below filed a motion for judgment in its favor upon the findings of the jury, and also a motion for a new

trial; but these were overruled, and on December 5, 1891, judgment was rendered in favor of the plaintiff below upon the verdict for $3,000 and costs of suit. On the trial, the court gave the following instructions to the jury:

"1. You are instructed that it is the duty of a railroad company to use all reasonable precautions for the safety of its employees, and it should furnish such cars and machinery and appliances and keep them and also its track and road-bed in such condition as would be least likely to cause injuries, so far as this can reasonably be done; and if the company does not do so, and an injury happens to one of its servants by reason of such neglect, the company will be liable for the injury thus sustained, provided the person injured is using reasonable care and caution to avoid the injury. The company is not liable for merely accidental injuries to its employees."

"4. Contributory negligence is that sort of negligence which, being a cause of the injury, is of such a character that the defendant could not avoid the effects of it. When the plaintiff has proved, according to her evidence, that the act of the defendant has caused the injury complained of, the defendant may, in its turn, prove that the deceased, by his own act, contributed to cause the injury, and that the deceased might, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence."

"6. Although the jury may believe from the evidence that the defendant was guilty of negligence which contributed to the death in question, still, if the jury further find from the evidence that the deceased was also guilty of negligence which directly contributed to the death, then the plaintiff cannot recover in this action, unless the jury further find from the evidence that the negligence of the defendant was malicious and wilful or wantonly reckless, showing an utter disregard for the rights and life of the deceased, and that the negligence of the deceased was but slight, as explained in these instructions.

"6½. You are instructed that an employee cannot recover against his employer for an injury suffered through exposure to danger from defects of which he had notice, if, under all the circumstances, a servant of ordinary prudence would not have continued the same work under the same risk. All the circumstances must be taken into account, and not merely the isolated fact of risk. The test of prudence is that which a prudent servant of the same class, using such prudence and judgment as such persons usually possess, but no more, might reasonably be expected to apply to the particular case."

The defendant brings the case to this court. The opinion herein was filed April 11, 1896.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error ; *Hamilton & Leydig*, of counsel.

*G. P. Aikman*, and *T. J. Brooks*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. : The court committed material error in some of the instructions given to the jury. There was no question in the case about machinery or appliances, but it is the duty of a railway company to exercise ordinary care to provide its employees with a reasonably safe place to work ; and in the present case this rule would apply to the side-track where Chambers was expected to make the coupling. This track was left by the company in an incomplete condition for want of ballast of earth or any other material ; but it was error to say that it should be so kept as to be "least likely to cause injuries, so far as this can reasonably be done." This would be to impose upon the company the highest degree of diligence, whereas the law requires only ordinary care as to its employees.

Railway companies, sometimes, at terminal and other important stations, plank their tracks or fill with cinders or other ballast between the ties from one end to the other, so as to make a level surface, and this condition would probably be "least likely to cause injuries" to brakeman coupling cars upon the same; but the law does not impose this high degree of diligence upon railway companies at every place where brakemen may be required to couple cars. The definition of contributory negligence contained in instruction 4 is erroneous, and in some cases might be misleading, and it should not have been given. But perhaps the instruction most likely to mislead is the sixth. It first brought into the case the suggestion of "malicious and wilful or wantonly reckless" conduct on the part of the railway company, for there was no evidence to justify such an imputation. (K. P. Rly. Co. v. Peavey, 29 Kan. 169, 180; K. C. Ft. S. & G. Rld. Co. v. Kier, 41 id. 661, 670.) The closing sentence of the instruction last quoted in the statement is also objectionable. It was proper to instruct the jury that the measure of care required of Chambers by the law was only such as an ordinarily prudent person would have exercised under the same circumstances and conditions; but the law does not authorize a gradation of the degrees of care and prudence required according to any particular classification of employees. One class is governed by the same law as every other as to the degree of diligence to be exercised. In other words, the same law governs all.

There was no error in overruling the demurrer to the evidence, nor the motion for judgment in favor of the railway company on the answers of the jury to the particular questions of fact. Whether the railway company exercised ordinary care, and whether

Chambers was guilty of contributory negligence such as to preclude his personal representative from a recovery on account of his death, were questions of fact to be submitted to the jury under proper instructions; but as the court erred in this respect the judgment must be reversed, and a new trial awarded.

All the Justices concurring.