## ED MORTON v. THE STATE.

*No. 1096. Decided February 10th, 1897.*

### 1. Local Option—Evidence—Facts to be Established to Make Out a Prima Facie Case.

On a trial for a violation of local option, the State, to make a prima facie case, must prove: (1) The order for the local option election. (2) The order declaring the result and prohibiting the sale of intoxicating liquors within the prescribed limits. (3) That proper notices of the order, declaring the result, etc., have been published as required by Revised Statutes, Art. 3391. (4) A sale by defendant within the precinct, town or city, or subdivision, as the case may be. Defendant's admission of the existence of local option would supersede the necessity of making the proof above named except the sale.

### 2. Same—What Orders Are Prima Facie Evidence of Others.

On a trial for violation of local option, the order of the Commissioner's Court for the election, is presumptive prima facie evidence that all the provisions of law necessary to give the order validity and clothe the court with jurisdiction to make it, have been fully complied with. It is prima facie evidence that a petition was presented to the court as required by law, and the burden to show it was not is on defendant. And the order of the court declaring the result of the election and prohibiting the sale of intoxicating liquors is prima facie evidence that all the provisions of the law, with regard to giving notice of the holding of the election, counting the votes and declaring the result, have been complied with.

### 3. Same—Plea of Former Acquittal.

On a trial for a violation of local option, a plea of former acquittal is not sustained if the proof fails to show, that the transaction is the same, that is, that it is the same sale of intoxicating liquor as the one for which defendant had been acquitted; and, the burden is on the defendant to prove his plea. The plea is not sustained where everything shown by the evidence in support of it, may be true, and still the transactions be totally different.

### 4. Same.

Where there is no evidence tending to show that the two transactions are the same, the court should instruct the jury to disregard it altogether.

### 5. Special Instructions.

It is not error to refuse to give special requested instructions, where the charge of the court embraces proper instructions upon the matter embraced in such special instructions.

APPEAL from the County Court of Hunt.   Tried below before Hon.
W. H. RAGSDALE, County Judge.

Appeal from a conviction for violating local option; penalty, a fine
of $35, and twenty days' imprisonment in the county jail.

Defendant pleaded former acquittal.

The material facts are shown by the evidence of W. W. Jones, and
the defendant, who testified as a witness in his own behalf.

The State proved by W. W. Jones that he knew the defendant, Ed
Morton, on the 25th of August, 1895; that on or about that date in Pre-
cinct No. 5, of Hunt County, Texas, he bought a pint bottle of beer
from the defendant, for which he paid fifteen cents; that it was intoxi-
cating, and he had no prescription; that on the 19th day of August,
1895, he entered Ed Morton's place of business, and asked Mr. Morton
how he could get some beer.   Morton told him he could order some
from A. T. Stephens, of Dallas, agent for the Anheuser Busch Brew-
ing Co., and have it shipped in his (Morton's) care.   He would keep it
on ice for him, and let him have it as he wanted it.   Mr. Morton made
the order for a cask of 120 pint bottles.   Morton gave him the bill for
$11.   He went in on the 25th day of August and got one bottle, for
which he paid fifteen cents; also on September 1, he got a bottle, for
which he paid fifteen cents.

He did not know A. T. Stephens; had no credit with him; paid for
only the two bottles of beer that he got; does not know what became of
the rest; never was dunned by Morton or Stephens for the beer he did
not get; was to pay Morton for keeping the beer on ice; 120 bottles at
fifteen cents each would come to $18.

The defendant proved by his own testimony that Mr. Jones came to
his place of business and asked how he could get some beer.   He was
told that he could order some from Dallas.   Jones asked him to assist
him in getting it.   Defendant told him how to make the order to A. T.
Stephens, and he made it for a cask of beer, which he had shipped to
himself in defendant's name.   Defendant agreed with Jones to keep it
on ice for him and Jones was to pay him for so doing.   The beer came
marked "W. W. Jones, care Ed Morton."   Morton put it on ice for
him.   He got two bottles, paid Morton for them, and he (Morton) sent
to Stephens his pro rata on those two bottles.   The balance of the beer
is still at Morton's place of business in Wolfe City.   This sale was made
August 19th, 1895, nearly a year ago.

Upon his plea of former acquittal defendant requested the court to in-
struct the jury: "That in addition to the defendant's plea of not guilty,
he also pleads former acquittal of the same offense.   Therefore, if you
believe from the evidence in this case, that prior to the 25th day of Au-
gust, 1896, W. W. Jones ordered a cask of beer from one Stephens in
Dallas through the defendant, under an agreement made with de-
fendant with regard to the cask of beer, and that said cask of beer was
shipped in accordance with said order, and that in pursuance of said
order the defendant delivered to the witness, W. W. Jones, two bottles

of the aforesaid cask of beer, one on the 25th of August, 1895, and another on the 1st day of September, 1895, and .that both bottles of beer were delivered in ·pursuance of the aforesaid agreement. And if you further believe that the defendant was tried and acquitted upon an information, filed in this court, of .the sale of the bottle of beer made September 1st, 1895, then, and in that event, you will find in favor of the defendant upon his plea of former acquittal, and you will find the defendant not guilty."

*J. G. Mathews*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for selling beer to W. W. Jones, in Precinct No. 5, Hunt County, local option being in force in said precinct. The State did not introduce any evidence as to the local option election being held in said precinct. The order for the election, the order declaring the result of the election, or the publication thereof, were not introduced in evidence. The defendant, in his testimony, admitted, in effect, that local option was in force in said precinct when this transaction, claimed to be a sale by the State, occurred. This testimony could have been excluded at the instance of the appellant, if he had desired to do so. He could have demanded the record evidence, to-wit: that which was necessary to establish the fact that local option was in force in Precinct No. 5, Hunt County. We desire to state in this opinion the facts necessary to be proved by the State in a prosecution for violating the local option law. Of course, the sale must be proved; the order for the local option election should be introduced in evidence. When this order is introduced, the presumption arises prima facie that all of the provisions necessary to give the order validity, and to clothe the court with jurisdiction to make it, have been fully complied with. It is not necessary for the State to introduce the petition in cases in which such is required; the order for the election is prima facie evidence that such a petition was presented to the court as is required by law, and the burden is upon the defendant to show that this was not the case. The court, without a petition, can order an election (we are alluding to cases in which the petition is necessary). After the election, at a proper time, the court shall make an order declaring the result of said vote, and absolutely prohibiting the. sale of intoxicating liquors within the prescribed limits; and this order is held to be prima facie evidence that.all of the provisions of the law have been complied with in giving notice of the holding of said election, and in counting the votes and declaring the result thereof. The State should introduce in evidence the fact that the order of the court declaring the result of the election, and prohibiting the sale of the intoxicating liquors, has been published, as is required by Art. 3391, Rev. Stat., 1895. When these proofs have been made, the State's case is prima facie established. To recapitulate: The

State should prove (1) the order for the election; (2) the order declaring the result of the election, and prohibiting the sale of intoxicating liquors; (3) that proper notices of this last order have been published, as required by Article 3391; (4) the sale within the precinct, town, or city, or subdivision, as the case may be. We are not to be understood as holding that the proof should be introduced in the order named, but that, when this proof has thus been made, the State's case is prima facie established. The defendant, however, can admit the existence of local option. This, of course, would supersede the necessity of making the proof above indicated. We have had several cases before us in which the parties admitted that local option was in force in the district in which the sale was alleged to have been made. In bar of this prosecution, appellant interposed a plea of former acquittal. His plea contained the affidavit, information, trial, verdict of the jury, and judgment. The information charged that the sale occurred on the 1st of September, 1895. The information in this case alleges that the sale took place on the 25th day of August, 1895. Jones, to whom the beer is alleged to have been sold, swears that he purchased beer about the 25th of August, and also about the 1st of September, 1895. This is not denied by appellant. The plea also alleges that this is the same transaction as that for which he had been acquitted. This was a very essential allegation. In support of the plea, appellant introduced in evidence the complaint, information, trial, verdict, and judgment and nothing further. Now, while it is true that, notwithstanding the different dates, the State would have been permitted to convict for the sale under either indictment on either date; yet, to support the plea, the proof must show that it was the same transaction,—that is, the same sale. The burden is upon the defendant to prove his plea. Everything shown in the evidence in support of the plea may be true, and still the transactions be totally different. There was no proof to sustain the allegation in the plea that it was the same transaction. Appellant complains because the court did not give the jury the special instructions requested by him in regard to his plea. The court correctly instructed the jury in regard to this plea, assuming that there had been some evidence tending to show that the transactions were the same. As there was no such evidence, the court should have instructed the jury to disregard the plea altogether. Appellant's bill of exceptions Nos. 2 and 4 complain of the action of the court in refusing to submit to the jury certain special instructions. Under the facts of this case, the court acted properly in refusing said special instructions, but did give the jury proper instructions upon the matter embraced in the special instructions. Bill of exceptions No. 5 complains of the charge of the court in regard to the appellant's plea of former acquittal. The charge of the court contains the law. In the motion for a new trial it is insisted that the verdict of the jury was contrary to the law and the evidence; that the undisputed facts show that the defendant was the agent of Jones, and acted only at the instance of Jones in ordering and taking care of the beer. We do not so view this record. We are of

opinion that the evidence amptly supports the verdict. It is remarkable that if appellant ordered the cask of beer for Jones, which cost $11, he should be selling him beer at 15 cents per pint bottle, and dividing the profits with a man at Dallas, from whom the cask of beer was obtained. We deem it unnecessary to discuss the facts in the case. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter].