STATE OF NORTH DAKOTA v. GEORGE L. VIRGO.

Opinion filed May 25, 1905.

**Intoxicating Liquors — What Constitutes.**

1. The definition of "intoxicating liquors," contained in section 7598, Rev. Codes 1899, includes liquors or liquids "that will produce intoxication," and not those which will not intoxicate. It was error, therefore, to instruct the jury in this case that "any liquors which contain any percentage of alcohol, if sold as a beverage," are intoxicating liquors under our law.

**Former Acquittal.**

> 2. To sustain a plea of former acquittal, it must appear that the offense for which the defendant was acquitted was the same offense as that for which he is being tried.

Appeal from District Court, Bottineau county; *Palda*, J.

George L. Virgo was convicted of keeping a common nuisance, and appeals.

Reversed.

*H. S. Blood* and *Geo. A. Bangs*, for appellant.

Former acquittal, by reason of variance between the information or indictment and the proof, is not an acquittal of the same offense. See sections 8235 and 8106, Rev. Codes 1899.

In the absence of evidence an acquittal will be presumed to be upon the merits, and it is upon the state to show otherwise. Croft v. Peo, 15 Hun. 484; State v. Maxwell, 51 Iowa, 314, 1 N. W. 666; Moore v. State, 71 Ala. 307; State v. Clenny, 1 Head. 270.

Parol evidence of the identity of the offense is admissible. Swally v. Peo, 116 Ill. 247, 4 N. E. 379; Duncan v. Com., 6 Dana, 295; Marshall v. State, 8 Ind. 498; State v. Andrews, 27 Mo. 267; Porter v. State, 17 Ind. 415; State v. Maxwell, 51 Iowa, 314, 1 N. W. 666.

Allegation of place within the county and state is all that is required as far as the guilt or innocense of the defendants is concerned. The allegation of particular lot and block may be regarded as surplus. State v. Kraig, 13 Iowa, 462; State v. Shilling, 14 Iowa, 455; State v. Freeman, 27 Iowa, 333; State v. Waltz, 38 N. W. 494; 2 Bishop Crim. Proc. 111; State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Thoempke, 11 N. D. 386, 92 N. W. 480.

The court erred in its charge: "Any liquors which contain any percentage of alcohol, if they are sold as a beverage, are intoxicating." Const. N. D., article 20, section 7598, Rev. Codes 1899.

YOUNG, J. The defendant was tried and convicted upon an indictment charging him with keeping and maintaining a common nuisance upon lots 11 and 12, in block 12, in the original townsite of Richburg, in Bottineau county, and he appeals from the judgment.

The trial judge, in his instructions to the jury, after stating that the indictment alleged three methods of keeping and maintaining the nuisance, i. e., by keeping a place (1) where intoxicating liquors

were sold, bartered or given away as a beverage, (2) where in-
toxicating liquors were kept for sale, etc., and (3) where people
were permitted to resort for the purpose of drinking intoxicating
liquors as a beverage, used the following language, which is as-
signed as error: "Intoxicating liquors, gentlemen of the jury, under
our law, are liquors: First, of the nature of malt, or spirituous or
vinous liquors which will intoxicate, or any preparation or concoc-
tion thereof which will produce intoxication; second, any liquors
which contain any percentage of alcohol, if they are sold as a
beverage." Counsel for defendant contend that the latter part
of the instruction is erroneous upon any state of facts, and we
agree with the contention. The instruction complained of informed
the jury that all liquors which contain any percentage of alcohol
and are sold as a beverage are intoxicating liquors under our law.
The statute defining intoxicating liquors furnishes no warrant
for this instruction. All liquors containing alcohol are not intoxi-
cating, and the statute of this state only prohibits the sale of
intoxicating liquors; that is, liquors which will produce intoxication.
The legislature has defined intoxicating liquors three times. In
the original prohibition law, chapter 110, p. 309, Laws 1890, in
section 6 (page 316), they were defined as liquors "that will pro-
duce intoxication." This section was amended by section 1, c. 74,
p. 111, Laws 1895 (section 7598, Rev. Codes 1895), and among
other things a proviso was added to that section "that fermented
and alcoholic liquors and mixtures thereof shall not be deemed in-
toxicating if they contain less than two per cent of alcohol by
volume." The latest definition is contained in chapter 96, p. 156,
Laws 1897 (section 7598, Rev. Codes 1899), which reads as fol-
lows: "All spirituous, malt, vinous, fermented or other intoxicating
liquors or mixtures thereof, by whatever name called, that will
produce intoxication, or any liquors or liquids which are made, sold
or offered for sale as a beverage and which shall contain coculus
indicus, copperas, opium, cayenne pepper, picric acid, Indian hemp,
strychnine, tobacco, darnal seed, extract of logwood, salts of zinc,
copper or lead, alum or any of its compounds, methyl alcohol or its
derivations, amyl alcohol or any extract or compound of any of
the above ingredients, shall be held to be intoxicating liquors within
the meaning of this chapter." Under this section "intoxicating
liquors" include spirituous, malt, vinous, fermented or other in-
toxicating mixtures thereof "that will produce intoxication;" also
all liquors or liquids, sold as a beverage, which are compounded

from the drugs enumerated, that will produce intoxication. The requirement that they will produce intoxication is common to both classes, as plainly as though the description clause was repeated in the latter part of the section. This construction is required by the act of which this section is a part, and is entirely consistent with the language of the section. The foregoing error requires a reversal of the judgment.

The record presents a further question which will arise upon the new trial, and will therefore be considered. The defendant, in addition to his plea of not guilty, interposed a plea of former acquittal. To sustain this plea, he introduced in evidence an information, which had previously been filed in the district court of that county by the state's attorney, which charged the defendant with maintaining a liquor nuisance on lot 12 in block 11, in the original townsite of Richburg; also a general verdict of not guilty. Upon cross-examination of several of the state's witnesses, the fact was developed that their testimony was the same in substance as upon the former trial. At the close of the case defendant's counsel moved the court to advise the jury to return a verdict "that the defendant had once been acquitted of the same offense." This was denied, and the question as to whether the defendant had been once acquitted of the offense for which he was being tried was submitted to the jury, and they returned a separate verdict that he had not. The refusal of the trial court to grant the above request is assigned as error. The assignment is without merit. The offense for which the defendant was being tried was not the offense for which he had been acquitted. Upon the former trial he was charged with keeping a liquor nuisance upon block 11, and in the present indictment with keeping a nuisance upon black 12. The accusations charge different offenses, and it was not possible to make them the same, even by averment and oral evidence. The plea of formal aquittal "is only available in cases where the transaction is the same, and the two indictments are susceptible of and must be sustained by the same proof." Wright v. State, 17 Tex. App. 158. The rule of the cases is stated in Hite v. State, 9 Yerg. 357, 375, as follows: "To entitle a prisoner to the benefit of the plea of autrefois acquit, it is necessary that the crime charged in the last bill of indictment be precisely the same with that charged in the first, and that the first bill of indictment is good in point of law. 1 Chittty's Crim. Law, 453; 1 East's Pleas of the Crown, 522. The true test by which the question

whether such a plea is a sufficient bar may be tried is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first. Archb. Crim. Pl. 88; Rex v. Emden, 9 East. 437. If the crimes are so distinct that evidence of the one will not support the other, it is as inconsistent with reason as it is repugnant to the rules of law to say that they are so far the same that an acquittal of the one shall be a bar to the prosecution of the other. Vandercomb's Case, 2 Leach's r. Law, 717." The keeping of a liquor nuisance on block 11 is not the same offense as keeping one on block 12, and the evidence which would establish one would not be sufficient to establish the other. The offenses were distinct. This appeared upon the face of the defendant's plea of former acquittal, and it was not necessary to submit the question to the jury. See Wright v. State, supra.

Judgment reversed, and new trial ordered. All concur.

**Intoxicating Liquors — Illegal Sale.**