# THE STATE OF NORTH DAKOTA, Respondent, v. JACK PANCHUK, Appellant.

## (207 N. W. 991.)

**Criminal law — prejudice of witness may be shown, cross-examination largely in discretion of trial court.**

1. It is always permissible to prove facts and circumstances tending to show the bias or prejudice of a witness. The range of the cross-examination and the inquiry, for this purpose, is largely within the sound discretion of the trial court and his conclusions in that behalf will not be disturbed unless abuse of discretion appears. Held, for reasons stated in the opinion, that the cross-examination of a witness for the state, in a prosecution under the prohibition law, was not improperly restricted.

**Intoxicating liquors — proof of one sale sufficient to warrant conviction; not continuing offense.**

2. Proof of one sale of intoxicating liquor, in violation of §§ 1 and 1b, chapter 268, Sess. Laws 1923, is sufficient to warrant a conviction of the crime of engaging in the liquor traffic; and it is not in its nature a continuing offense.

**Criminal law — when plea of former acquittal is one of fact the issue should be submitted to jury.**

3. When the plea of prior acquittal is interposed, the defendant has a constitutional right, under the guaranty of trial by jury, to have that issue, in so far as it is one of fact, submitted to the jury, with appropriate instructions as to the law.

**Criminal law — second jeopardy for same offense should be scrupulously regarded as right to trial by jury.**

4. The right not to be put in jeopardy the second time for the same offense is as important and should be as scrupulously regarded as the right of trial by jury.

**Criminal law — "jeopardy" defined.**

5. A person is in jeopardy when he is placed on trial, upon a valid information or indictment, before a court of competent jurisdiction including a jury who have been sworn to try him, and all preliminaries have been completed.

---

Note.—(1) Right to show bias affecting credibility of witness within discretion of court, see 28 R. C. L. 612; 5 R. C. L. Supp. 1548.

(3) Determination of question of fact raised by plea, see 8 R. C. L. 120; 2 R. C. L. Supp. 554; 5 R. C. L. Supp. 446.

(4) Constitutional provisions against second trial for same offense, see 8 R. C. L. 135; 2 R. C. L. Supp. 557; 4 R. C. L. Supp. 529; 5 R. C. L. Supp. 446; 6 R. C. L. Supp. 487.

(5) As to what constitutes jeopardy generally, see 8 R. C. L. 138; 2 R. C. L. Supp. 558; 4 R. C. L. Supp. 529; 5 R. C. L. Supp. 447; 6 R. C. L. Supp. 487.

(6) Provision against second jeopardy for identical offense, see 8 R. C. L. 143; 2 R. C. L. Supp. 560; 4 R. C. L. Supp. 529.

**Criminal law — "second jeopardy" relates to second jeopardy for same identical offense.**

6. The prohibition of § 13 of the Bill of Rights of the state Constitution is against a second jeopardy for the same offense; the crimes must be identical in law and in fact.

**Criminal law — plea of former acquittal when available.**

· 7. The plea of former acquittal is only available in cases where the two informations or indictments are susceptible of and must be sustained by the same proof; and if the averments of either information would, if proved under the other, support a conviction under the latter, the crimes charged in the two are identical in fact and in law.

**Criminal law — question of second jeopardy as to whether offense charged is same in legal nature, ordinarily for court; whether offense charged is identical in fact is question for jury.**

8. Whether the offenses are the same in legal nature, is ordinarily a question of law for the court; whether they are identical in fact is a question for the jury.

**Criminal law — first information is prima facie evidence of the identity in legal nature of the offenses charged in the two informations; the question of identity in fact is for jury.**

9. Where an information is filed against P. charging him with engaging in the liquor traffic by selling intoxicating liquor between January 1, 1924, and May 11, 1925, and P. in addition to the plea of not guilty, pleads autrefois acquit and introduces in evidence in support of his plea an information which charges a crime of the same name committed on May 27, 1924, and a verdict of not guilty, thereunder; and where the state offers and relies on evidence tending to show that the crime was committed in November 1924, and early in 1925, and there is no other evidence, except the first information, submitted to the jury upon the issue of the identity in fact of the two crimes; it is held:

(a) That the first information is prima facie evidence of the identity in legal nature of the offenses charged in the two informations.

(b) That the question of identity in fact is for the jury; and the verdict finding against the defendant on the plea of former acquittal is amply supported· by competent evidence.

(c) That State v. Lesh, 27 N. D. 165, is not controlling because the court there held that the crime charged was a continuing offense.

Opinion filed February 17, 1926.

Criminal Law, 16 C. J. § 360 p. 233 n. 87 New; § 363 p. 236 n. 25; § 443 p. 263 n. 34; p. 264 n. 35; § 444 p. 264 n. 46, 47; § 445 p. 265 n. 48; § 447 p. 268 n. 71; § 769 p. 425 n. 17, 19; § 771 p. 427 n. 47; § 2283 p. 925 n. 43, 49; 17 C. J. § 3584

p. 245 n. 71; p. 246 n. 73. Intoxicating Liquors, 33 C. J. § 250 p. 617 n. 72 New; § 521 p. 769 n. 9. Witnesses, 40 Cyc. p. 2652 n. 86; p. 2662 n. 46; p. 2671 n. 88; p. 2672 n. 95.

Appeal from the District Court of Mountrail County, *Lowe,* J. Affirmed.

*F. F. Wyckoff,* for appellant.

"No person shall be twice put in jeopardy for the same offense. . ." N. D. Const. § 13, art. 1.

". . . Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . . ." Amendments to U. S. Const. art. 5.

"Jeopardy is the peril and danger to life or liberty in which a person is put when he has been regularly and sufficiently charged with the commission of a crime; has been arraigned and pleaded to such charge; has been put upon his trial before a tribunal properly organized and competent to try him for the offense charged and a jury has been duly empaneled from persons competent to sit on the trial and duly sworn to try the cause and charged with due deliverance." 1 Whart. Crim. Law, p. 513.

"Prosecution for, and a conviction or acquittal of, is a bar to any subsequent prosecution based upon the whole or any part of the same crime." 1 Whart. Crim. Law, p. 507; 16 C. J. p. 268, § 477; Com. v. Robinson (Mass.) 30 Am. Rep. 673; Com. v. Peretz (Mass.) Ann. Cas. 1913D, 484; State v. Lesh, 72 N. D. 165; State v. Nash (N. C.) 41 Am. Rep. 472; State v. Waterman (Iowa) 54 N. W. 359.

The extent and range of the cross-examination of a witness is, as a general rule, left to the sound discretion of the trial court. Jones, Ev. p. 1052; State v. Mulch (S. D.) 96 N. W. 101.

*George F. Shafer,* Attorney General, and *C. N. Cottingham,* for respondent.

The prohibition of the common law and the Constitution is against a second jeopardy for the same offense, that is for the identical act and crime. Burton v. United States, 202 U. S. 344.

To entitle a defendant to plead successfully former jeopardy the offense charged in the two prosecutions must be the same in law and in fact. See 17 L.R.A.(N.S.) 720.

"Errors alleged to have been committed by the trial court must affect the substantial rights of appellant in order to be grounds for disturbing the verdict." State v. Tulley, 23 N. D. 284, 136 N. W. 784.

JOHNSON, J. The defendant was convicted of the crime of engaging in the liquor traffic by making sales of intoxicating liquor. On June 17, 1925, he was found guilty as charged.

The defendant pleaded not guilty. In addition, he interposed the plea of previous acquittal and former jeopardy of the offense charged in the information.

Only two assignments of error are urged, one based upon a ruling of the trial court in excluding certain evidence, and the other relating to the plea of former jeopardy.

The state called one Cyscewski as a witness for the prosecution. It appears that he was in the employ of the state or the state's attorney for the purpose of gathering evidence of violations of the prohibition law. On cross-examination, counsel for the defendant asked him the following question: Q. "How much did the state's attorney pay you when you were in his employ?" To this question the state's attorney objected on the ground that it was "improper cross-examination." The objection was sustained, and this ruling is assigned as error. The inference is necessary from the testimony that this witness was a paid detective in the employ of the county or the state's attorney for the purpose of securing evidence against this defendant; that the plan of action was laid out in advance by the witness and the state's attorney. The witness claimed his privilege and refused to answer certain questions on the ground that his answers might incriminate himself. The defendant's attorney strenuously urges that he should have been permitted to show by cross-examination any and all facts tending to show interest or bias; that the amount of his compensation was a matter which he had a right to show as bearing upon his interest in the controversy and as showing bias and prejudice.

The facts, with reference to the plea of former jeopardy and former acquittal, are as follows: On June 16, 1924, the state's attorney of Mountrail county, the predecessor of the present incumbent of that office, filed an information in the district court, charging this defendant with the crime of engaging in the liquor traffic; "Committed as follows:

That at said time and place the said Jack Panchuk did wilfully and unlawfully manufacture, sell, barter, transport, import, export, deliver, furnish and possess intoxicating liquor." This is the language of the statute, except that the disjunctive "or" is used in the law, and not the conjunctive "and" as in the information. The defendant is thus in reality charged with committing nine offenses on May 28, 1924.

Upon the trial of that action, on June 17, 1924, the jury returned a general verdict of not guilty. On June 15, 1925, the present state's attorney filed the information under which the defendant was convicted, and charged, as heretofore stated, that the latter engaged in the liquor traffic between January 1, 1924 and May 11, 1925. The specific contention of counsel is that the defendant was placed in jeopardy by this information for the second time, because May 28, 1924, the day on which he was charged in the first information with having engaged in the liquor traffic, is included in the period of January 1, 1924 to May 11, 1925. It is urged that inasmuch as the second information overlaps the period covered by the first, the defendant is again in jeopardy for the same offense.

No evidence was offered by the state tending to show that the defendant committed the crime charged at any time before June 17, 1924, the day on which he was acquitted of the charge made in the first information; the trial court specifically instructed the jury that they should not consider any evidence in this case as to the commission of the crime of engaging in the liquor traffic on or prior to June 17, 1924, and should convict only in the event that they were satisfied, beyond a reasonable doubt, that the defendant committed the crime charged in the information on or after June 17, 1924. They were instructed to make a special finding upon the claim of former acquittal and a form of verdict was submitted for that purpose. They found that the defendant had not been acquitted of the offense on which he was tried. There is nothing in the record showing what evidence was offered in support of the first information.

1. It is always permissible to prove facts and circumstances tending to show the bias or prejudice of a witness. Ordinarily the cause or the particulars of such bias are not legitimate subjects of inquiry, except so far as the trial court, in the exercise of a sound discretion, permits. In the case at bar it appears, without dispute, that the witness was in

the employ of the state for the purpose of collecting evidence of violations of the prohibition law. Counsel for the prisoner was not satisfied to establish this fact, but desired to prove the amount of the compensation. There is no offer of proof either as to the amount of the compensation, or as to whether such amount was in any manner contingent upon the outcome of the prosecution. Undoubtedly the discretion of the trial court should be liberally exercised to the end that the jury may have before it every fact tending reasonably to disclose any circumstances which, if present, may cast doubt upon the existence of that wholly disinterested frame of mind essential to complete confidence in the candor of a witness. The defendant has a legal right to show that a witness for the state is prejudiced against him. State v. Hakon, 21 N. D. 133, 129 N. W. 234. The extent of the inquiry, however, is largely within the sound discretion of the trial judge, and his conclusion in that behalf will not be disturbed unless it appears that the ruling amounts to an abuse of discretion. Upon the whole record we do not feel justified in holding that the trial court abused its discretion in excluding the amount of the compensation. See State v. Long, 95 Vt. 485, 115 Atl. 734. The employment had apparently terminated; indeed, it had continued only for about one month. Considerable latitude was allowed in the cross-examination of the witness, in other particulars, and we are satisfied that the trial court did not improperly restrict the examination.

2. When the defendant pleads former jeopardy he is required by subdivision 4 of § 10,747, to specify the time, place and the court when and where such jeopardy occurred. The defendant in the case at bar complied in all things with this statute. See also State v. Barnes, 29 N. D. 164, 150 N. W. 557, Ann. Cas. 1917C, 762. Section 10,754 provides that "when the defendant is convicted or acquitted, or has been placed in jeopardy upon an information or indictment, the conviction, acquittal or jeopardy is a bar to another information or indictment for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted, under the information or indictment." The defendant contends that under this statute he was in jeopardy because the charge in the former information," to wit: May 28, 1924, was "necessarily included" in the period covered by the second information,

that is, January 1, 1924 to May 11, 1925, and that within the statute "he might have been convicted under the information." The rule invoked by the defendant is thus stated in 16 C. J. 268: "An acquittal or a conviction upon a charge that a *continuing offense* has been committed during a specified time will be a bar to another prosecution for a like offense during another specified time which includes any part of the time named in the first charge." (The emphasis is ours). This statement of the rule is supported by authorities for several jurisdictions, included in which is State v. Lesh, 27 N. D. 165, 145 N. W. 829.

The argument of counsel, on this assignment, assumes that the crime of engaging in the liquor traffic is a continuing offense. In this counsel is in error. One sale of intoxicating liquor is sufficient to constitute the crime of engaging in the liquor traffic, as that crime is defined in chapter 268, Sess. Laws 1923, as amended by chapter 175, Sess. Laws 1925. The gravamen of the offense is not that the accused has manufactured, sold, bartered, transported, imported, exported, delivered, furnished or possessed intoxicating liquor as a continuing offense, over any definite period of time, but that he has done any one of these acts on at least one occasion. It is no less an offense to commit any of these prohibited acts once than to do them continuously over a period of days, weeks, or months. The latter course of conduct may evidence a more deliberate purpose to embark upon a career of lawbreaking than does a single transaction, but the single transaction is, notwithstanding, what the legislature primarily intended to bring within the condemnation of the law. State v. Howe, 27 Or. 138, 44 Pac. 672; State v. Pianfetti, 79 Vt. 236, 65 Atl. 84, 9 Ann. Cas. 127. It follows that the defendant could have been prosecuted for any sale made prior to May 28, 1924, which the state did not attempt to prove at the trial in June 17, 1924, and the acquittal on the charge of making a sale on the specific date, May 28, would not have supported a plea of former jeopardy, or autrefois acquit. 16 C. J. 267. If the offense were a continuing one, a different situation might have been presented. In such circumstances there is abundant authority for the proposition that a conviction under an information charging a commission of the crime on a specified date would bar a prosecution for any offense committed prior thereto, the reason being that the date is not material and evidence of violations within the period of the statute of limitations would have been admis-

sible; 16 C. J. 268; and, the offense being single, it may not be carved or split into different or several offenses and a prosecution instituted for each.

Sec. 10,881, Comp. Laws 1913, provides for a special verdict, or separate finding upon the plea of former jeopardy. Clearly, the legislature contemplated that upon this question an issue of fact might arise and that the defendant had the constitutional right to a verdict from the jury thereon. There is no suggestion in the statutes of this state that the issues made by a plea of former conviction or acquittal shall be determined by the court, as a question of law, from an inspection of the record. Like every other question of fact, which is pertinent upon the issue of the guilt or innocence of the prisoner, it must be answered by reference to competent and material evidence, whether such evidence be written instruments, official documents, or rest in parol. Under the constitutional guaranty of a jury trial, the defendant has a right to require this issue, in so far as it is one of fact, to be submitted to the jury under appropriate instructions as to the law. 2 Bishop, Crim. Proc. p. 634.

The plea of former acquittal is a favored plea; People v. Preciado, 31 Cal. App. 519, 160 Pac. 1090. The right not to be put in jeopardy the second time for the same offense is as important and should be as scrupulously regarded as the right of trial by jury, or any other constitutional provision intended to safe-guard the liberty and property of the citizen; and to deprive a defendant of this right when the fact of former jeopardy is made to appear before the court where he is again put in jeopardy for the same offense, is to expose him to the possibility of a conviction without due process of law. Re Bennett (D. C.) 84 Fcd. 324.

The language of § 13, of the Bill of Rights of the Constitution of North Dakota is "no person shall be twice put in jeopardy for the same offense. . . ." The California courts hold that this language is more than an equivalent of "no person shall be twice *tried* for the same offense." To the same effect, see United States v. Ball, 163 U. S. 662, 41 L. ed. 300, 16 Sup. Ct. Rep. 1192. "A defendant is placed in apparent jeopardy when he is placed on trial before a competent court and a jury empaneled and sworn. . . . And when a person has been placed in jeopardy, the jeopardy cannot be repeated without his con-

sent, whatever statute may exist on the subject. Once in actual jeopardy, a defendant becomes entitled to a verdict which may constitute a bar to a new prosecution; and he cannot be deprived of his right to a verdict by a nolle prosequi entered by the prosecuting officer, or by a discharge of the jury, and continuance of the cause." People v. Hunckeler, 48 Cal. 331, 1 Am. Crim. Rep. 507, citing Cooley, Const. Lim. 327.

In State v. Virgo, 14 N. D. 293, 103 N. W. 610, this court gave some consideration to the question before us. In that case it was said that "the plea of former acquittal, 'is only available in cases where the transaction is the same, and the two indictments are susceptible of, and must be sustained by, the same proof.' . . . The true test by which the question whether such a plea is a sufficient bar may be tried is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first. If the crimes are so distinct that evidence of the one will not support the other, it is as inconsistent with reason as it is repugnant to the rules of law to say that they are so far the same that an acquittal of the one shall be a bar to the prosecution to the other."

Burton v. United States, 202 U. S. 344, 380, 50 L. ed. 1057, 1071, 26 Sup. Ct. Rep. 688, 6 Ann. Cas. 362: "It is well settled that the jeopardy is not the same when the two indictments are so diverse as to preclude the same evidence from sustaining both;" the court lays down the rule in this case that the plea of former acquittal must be upon a prosecution for the "same identical offense;" that the offense charged must be "the same in law and in fact." This statement of the rule, or test, is founded largely upon what Buller, J., said in Rex v. Vandercomb, 2 Leach, C. L. 708, and upon 4 Bl. Com. 336.

Manning a United States, 275 Fed. 29. In this case the circuit court of appeals of the 8th circuit, speaking through Mr. Justice Sanborn, says, quoting from Bishop's Criminal Law, 8th ed. § 1052, subd. 2, "The test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; where there could, the second cannot be maintained; when there could not, it can be." To the same effect see Ex parte Henkes (D. C.) 267 Fed. 276; State v. Nunnelly, 43 Ark. 68; Brown v. Tuscaloosa, 196 Ala. 475, 71 So. 672; Webb v. State, 13 Ga. App. 733, 80 S. E. 14.

In State v. Nunnelly, 43 Ark. 68, it is said: "The established rule is that the former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted under the indictment *and testimony in the first case.*" (Emphasis is ours). To the same effect, see State v. Lismore, 94 Ark. 213, 29 L.R.A.(N.S.) 721, 126 S. W. 855. In 16 C. J. 264, it is said: "One test is to ascertain whether the facts alleged in the second indictment would, if given in evidence, have warranted a conviction on the first, and if this is the case, then the crimes are assumed to be identical. . . . The safest general rule is that the two offenses must be in substance precisely the same, or of the same nature or of the same species, so that the evidence which proves the one would prove the other; or if this is not the case, then the one crime must be an ingredient of the other." The last sentence is supported by citations of authorities from a large number of jurisdictions.

In a note to People v. McDaniels, 92 Am. St. Rep. 81, p. 107 (137 Cal. 192, 59 L.R.A. 578, 69 Pac. 1006), Freeman, speaking of the test relied on by defendant, says, "Under this test it is the facts which are alleged in the two indictments, and not the testimony given in either, by which the identity of the offense is to be determined. . . . The criterion is not what testimony was introduced, but what might have been, and the determinative feature is whether the facts alleged in one charge would support a conviction under the other."

Counsel strongly insists that the case at bar must be decided by a literal application of this test—of what might have been proved, not what was in fact proved.

In the case at bar, proof of a sale of intoxicating liquor on May 27, 1924, would have sustained a conviction under the second information filed against the defendant. Every fact required to be established by the state on the trial under the first information, in order to warrant a conviction, would have been sufficient, in law, to support a conviction under the second. Reversing the situation this is true of only one date and one sale in a prosecution under the second information. Section 13 of the Bill of Rights distinctly provides that no one shall be twice put in jeopardy for the same offense. When the second information was filed against him and a jury sworn and empaneled, and all the preliminaries had been completed, he was in jeopardy within the Constitution.

Bishop, Crim. Law, 9th ed. §§ 1014 and 1015, and there must be a reversal if the offenses were the same "in fact and in law."

The constitutional and statutory guaranty is against a second jeopardy for the *same offense*. In order that one prosecution may be said to be for the same offense as another, within the language of the test as formulated by the weight of authority, it must appear that the offenses described in the informations or indictments are the same *"in law and in fact."* The question of identity therefore, is one of *law* and *fact*. It would seem that the act, on which the informations are based must be one and the same, and also, that the legal character of the crimes charged must be the same. No test is fully adequate which does not serve as a standard in measuring the identity of the crimes both from the standpoint of identity of fact and identity of legal nature. By way of illustration reference may be had to the crimes of boot-legging and of engaging in the liquor traffic. Clearly, evidence which would convict under an information charging the crime of boot-legging might also be sufficient to support a conviction under another charging the same person with engaging in the liquor traffic by selling intoxicating liquor. Reversing the facts in this hypothetical case, would bring about a contrary result. The facts that are legally necessary and sufficient to support a charge of engaging in the liquor traffic, would not support a conviction under an information charging boot-legging. Notwithstanding a substantial identity of fact, it clearly appears that the legal nature of the two offenses is essentially different. Without extending the discussion on this point, we are satisfied, as suggested by Mr. Freeman in the note to People v. McDaniels, 92 Am. St. Rep. 81, that in this latter connection—upon the question of identity of legal nature—the test is sufficient.

We are not prepared to accept the test as always sufficient in determining whether the offenses are the same in fact. Proof of the precise time alleged in the first information—May 28, 1924—was not essential. Joyce, Indictments, 2d ed. p. 424, "Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient." Ledbetter v. United States, 170 U. S. 606, 42 L. ed. 1162, 18 Sup. Ct. Rep. 774. Proof that the defendant sold liquor on May 26, 1924, would have been sufficient to support a conviction under the information. Suppose an information had been filed

charging a sale by the defendant on May 26, 1924. An acquittal of the charge of selling liquor under the information charging the sale to have been made on May 27, with all the proof limited to that date, would not have been a bar, by the weight of authority to a prosecution under the one charging the crime to have been committed on May 26. If we apply the test relied on by the appellant the offenses would be held the same notwithstanding they are wholly different in fact. Obviously the test is by no means infallible or sufficient upon the question of identity in fact in cases of the class into which the one at bar naturally falls. We think that the weight of authority as well as the sounder reason support the view that in the class of cases to which the one at bar belongs the claim of identity in fact is not necessarily made good by proof that the allegations of the informations overlap as to time, or that evidence sufficient to support the averments of one would be sufficient to convict under the other. See Chesapeake & O. R. Co. v. Com. 88 Ky. 368, 11 S. W. 87; Com. v. Sutherland, 109 Mass. 342; People v. Gault, 104 Mich. 575, 62 N. W. 724; Rocco v. State, 37 Miss. 357; State v. Small, 31 Mo. 197; Morton v. State, 37 Tex. Crim. Rep. 131, 38 S. W. 1019; State v. Nunnelly, 43 Ark. 68; Maher v. State, 53 Ga. 448, 21 Am. Rep. 269. And the question of identity in fact is one of fact for the jury, while that of the identity of legal nature is ordinarily one of law for the court.

The information in the first case was at least prima facie evidence of the identity of the *legal nature* of the two offenses. Whether it was prima facie evidence of identity in fact, we need not decide. For the purpose of this decision we may assume that it was. Each sale of intoxicating liquor was a separate, distinct and complete offense, defined in the law as engaging in the liquor traffic. The state offered evidence in support of the charge tending to show sales in November, 1924, and early in 1925. There was no evidence that the defendant engaged in the liquor traffic prior to November, 1924. *The defendant offered no evidence other than the first information, to show that the two offenses were identical in fact.* The state proved that they were not. The court instructed the jury that "you should not consider any evidence in this case as to the commission of the crime of engaging in the liquor traffic on or prior to June 17, 1924;" the date on which defendant was acquitted under the first information. The court also told the jury, pursuant to §

10,881, Comp. Laws 1913, that they must make a finding upon the question of former jeopardy. The jury found that the defendant had not been previously acquitted of the offense of which he was found guilty under the second information.

It follows that while the application of the test heretofore discussed results in the conclusion that upon the face of the informations, the offenses charged were the same in legal nature, all the evidence upon the subject shows that they were not the same in fact and the jury so found. The verdict on this point is supported by competent and uncontradicted evidence. See State v. Pianfetti, 79 Vt. 236, 65 Atl. 84, 9 Ann. Cas. 127.

We are of the opinion that the statement of the test in State v. Virgo, 14 N. D. 293, 103 N. W. 610, approximates the sounder view. We think the holding there is that unless the facts alleged in either information be, if proved under the other, sufficient to support a conviction of the crime charged in the latter, the offenses are not the same. The facts alleged in the first information would warrant a conviction under the second; while the facts alleged in the second would not necessarily support a conviction under the first. Consequently whether the two offenses were identical became a question of fact, to be resolved by the jury after consideration of the evidence offered upon the issue of identity in fact.

The acts on which the state based its demand for a conviction were all committed by the defendant not only after the date charged in the first information, but after the date on which the jury acquitted defendant of that charge. Patently, the two offenses could not be the same in fact.

The case of State v. Lesh, 27 N. D. 165, 145 N. W. 829, is cited and relied on by counsel for the defendant. The offense in that case was "keeping intoxicating liquor for sale as a beverage," a crime which the court held "in its nature is a continuing offense." Counsel quotes as follows:

"We now hold that after a conviction or acquittal under such an information, a defendant cannot be put on trial for the keeping of liquor for sale as a beverage within the dates specified, and such being the case, he is granted all the protection that the common law afforded, for even

though the common law may have required a specific date to be stated, it by no means limited the proof of that day."

It requires no argument to demonstrate that the situation in the case at bar is different in essential particulars. As we have pointed out, each sale is a complete, separate and distinct crime—i.e., the charge in the instant case is not that a *continuing offense* was committed. For precisely the same reason the case of Com. v. Robinson, 126 Mass. 259, 30 Am. Rep. 674, 3 Am. Crim. Rep. 143, in which much reliance is placed by counsel, is not in point. There the crime was also "in its nature" a continuing offense.

Nothing would be gained by an extended review of authorities which in many particulars are in hopeless conflict and confusion. We think the rule we have applied on the one hand, fully effectuates the constitutional provisions against double jeopardy, and, on the other, safeguards the public interest against miscarriages of justice that would result, if identity of legal nature alone, whether appearing upon the face of the information, or by evidence aliunde, without regard to identity in fact, were held sufficient to support the plea of former acquittal.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE. BURKE, and BIRDZELL, JJ., concur.