State of Arkansas v. Nunnelly.

5. Injunctions without jurisdiction void

---

STATE OF ARKANSAS v. NUNNELLY.

1. CRIMINAL LAW: SELLING LIQUOR: *Former conviction, when a defense.*

A former conviction is a bar to any offense of which the defendant might have been convicted under the indictment and proof in the first case. And so when a defendant has been convicted under a valid indictment for unlawfully selling liquor, and under proof of several different sales in a given time, and

State of Arkansas v. Nunnelly.

the State made no election as to which it would prosecute, the conviction is a bar to a subsequent indictment for any sale to the same party within the same time.

ERROR to *Franklin* Circuit Court,
Hon. H. MATHES, Special Judge.

*C. B. Moore, Attorney General,* for the State :

It was error to instruct the jury that although the defendant might be guilty of several distinct sales of liquor, yet, if they found that each of said sales had been put in evidence upon a former trial, without any election by the State as to which offense it would rely on, the former conviction would be a bar.   1 *Bish. Cr. L. Secs.* 1065—997—1049—51—52, &c.; *Wharton Cr. L., p.* 201, &c.

*Contra, U. M. & G. B. Rose.*

The correctness of the instruction is apparent.   40 *Ark.,* 453 ; *Whart. Cr. Ev. Sec.* 579 ; 1 *Russell on Crimes,* 832 ; 105 *Mass.,* 59 ; 3 *Greenl. Ev., Sec.* 36 ; 126 *Mass.,* 259, *S. C.* 30 *Am. Rep.* 674 ; 9 *Tex.,* 151 ; 35 *Am. Rep.,* 732 ; 11 *Am. Dec.,* 741; 2 *Hawkes,* 98 ; 1 *Tex.* 47 ; *S. C.* 28 ; *Am. Rep.* 396.

SMITH, J.   Nunnelly was jointly indicted with one Cargile for selling liquor on the first day of March, 1883, to W. J. Nichols, within three miles of Central Institute, in Franklin County, in contravention of the three mile law.   He filed a plea of former conviction for the same offense, upon which issue was taken by the State.   The trial resulted in a verdict for the defendant and he was discharged.   The State has brought error.

From the bill of exceptions it appears that the defendant, in support of his plea, introduced the record of the proceedings and judgment of conviction upon an indictment pre-

Former Conviction: When a defense.

ferred against himself and Cargile for selling liquor on the sixth of March, 1883, within three miles of said schoolhouse, without naming the person to whom the liquor was sold. Parol testimony was also given to show that the previous conviction had been obtained upon proof of several distinct sales to W. J. Nichols during the months of February and March of 1883.

The court charged the jury that, although the defendant might be guilty of some separate sales of liquor, nevertheless if they found that each of said offenses had been put in evidence upon the former trial, without any election by the State as to which offense it would rely upon, the former conviction would be a bar to this prosecution.

The instruction was proper. The first indictment was good; it being unnecessary to name the person to whom the liquor was sold. *Johnson v. State*, 40 *Ark.*, 453.

The established rule is, that the former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted under the indictment and testimony in the first case. *Williams v. State*, 42 *Ark.*, 35; *Wharton's Cr. Ev.*, 579; *Russell on Crimes*, 8th Am. Ed., 832; *Comm. v. Blakeman*, 105 *Mass.*, 53.

Mr. Greenleaf says: "The former judgment in these cases is pleaded with the averment that the offense charged in both indictments is the same; and the identity of the offence, which may be shown by parol evidence, is to be proved by the prisoner. This may generally be done by producing the record, and showing that the same evidence, which is necessary to support the second indictment would have been admissible and sufficient to have procured a legal conviction on the first. A *prima facie* case on this point being made out by the prisoner, it will be incumbent on the prosecutor to meet it by proof that the offense charged in

the second indictment was not the same as that charged in the first." 3 *Gr, Ev., Sec.* 36.

The proof upon which the conviction was obtained was that W. J. Nichols had, on three or five different occasions in the months of February and March, 1883, bought whisky at the "blind tiger" kept by Nunnely and Cargile; but the witness could not remember the days of the month and had no means of refreshing his recollection. The State offered no evidence that the offense charged in the present indictment was not identical with that for which the defendant had been already convicted. Hence the *prima facie* case made by the defendant became conclusive.

In *Commonwealth v. Robinson,* 126 *Mass.,* 259; *S. C.* 30 *Am. Rep.* 674, it was decided that "an acquital on a complaint for keeping a tenement for the illegal keeping and sale of intoxicating liquors, from Jan. 1 to May 28 is a bar to a complaint for the like offense from Jan. 1 to Aug. 20 of the same year, as the same evidence which would have warranted a conviction on the first would warrant a conviction on the second complaint."

Judgement affirmed.