## STATE v. BLAHUT.

CRIMINAL PLEADING: *Former conviction.  Evidence.*

A judgment of conviction of an offense on a specified day, rendered upon a plea of guilty, will not sustain a plea of former conviction in bar of another indictment for a like offense at a different time, without proof that both indictments were for the same offense.

APPEAL from *Garland* Circuit Court.
Hon. J. B. Wood, Circuit Judge.

*Dan W. Jones,* Attorney-General, for appellant.

On the 10th day of April, 1886, two bills were returned against the appellee: No. 404, charging him with selling liquor to Nick Gray, a minor, on the 15th of January, 1886; No. 377 charged him with selling to the same party on the 15th of February, 1886, and to this charge he pleaded guilty, and when No. 404 was subsequently called for trial he interposed a plea of former conviction, relying upon the plea of guilty in 377. The state proved sales by him to the said minor on other and different days than the 15th of February (the date charged in 377), both prior and subsequent to that day and within a year from the finding of the indictment. The court sustained the plea of appellee. *Transcript, pp. 7 and 8.*

The court erred, for the appellee was guilty of an infraction of *sec. 1878, Mansfield's Digest,* at each sale made to the minor. It was not sought to punish him twice for selling on the 15th of February (for he had expiated that offense), but the sales on other days.

COCKRILL, C. J. Two indictments were returned against the appellee for selling whisky to a minor. The first

charged him with selling to a minor on the 15th day of January ; the second, with selling to the same minor on the 15th day of February, of the same year. He entered a plea of guilty to the second indictment, and when the other case was called for trial, he interposed a plea of former conviction, relying upon the judgment upon the plea of guilty in the first case as a bar. On the trial of the issue under this plea before the court, a jury being waived, the state proved that the defendant had made sales of liquor to the minor prior to the 15th day of February, the date of the sale charged in the second indictment, and within one year of the finding of the first indictment, and also other sales subsequent to the time laid in the second indictment. The court found in favor of the defendant, sustained his plea of former conviction and discharged him. The state appealed.

The finding is not sustained by the proof. Each sale of liquor by the defendant to the minor was a separate offense, and there could be as many convictions as there were sales made. (*Emerson v. State, 43 Ark., 372.*) It is true the state may preclude the possibility of more than one conviction, even where there have been many sales, by taking a wide range in the proof, putting all the guilty sales in evidence, and relying upon the whole proof for a single conviction. In that case the defendant can be convicted upon the proof of any one of the sales made within a year of the finding of the indictment, and it is the established rule that the former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted upon the testimony under the indictment in the first case. Nunnelly's case, *43 Ark., 68*, is an illustration in point. But it is necessary in this class of cases, as in others, for the defendant, in order to sustain a plea of former conviction, not only to produce the record of conviction,

but to show that he has been tried for the same offense for which he is being prosecuted. The defendant in this case offered no parol testimony at all to sustain his plea, but relied upon the record of conviction.

There is no presumption that the sale made on the 15th of February is the same sale charged to have been made on the 15th of January (*Emerson v. State, sup.*), and the fallacy that the conviction in the case that had already been tried might have been had upon proof of a sale made on the day charged in the pending indictment, is exposed by the record of conviction itself. It is shown on the face of it that the defendant entered his plea of guilty to the specific charge laid in the indictment—that is, to a sale made on the 15th day of February. This judgment is therefore a conviction of selling on that day and no other, and cannot be successfully pleaded as a bar to a prosecution for an illegal sale made upon any other day.

The judgment must be reversed, and the cause remanded for further proceedings.