BRYANT v. STATE.

Opinion delivered May 30, 1904.

FORMER CONVICTION—ILLEGAL SALE OF LIQUOR.—Where, on a prosecution for illegally selling liquor, the state's evidence covered all sales made by defendant to the prosecuting witness within a year before the finding of the indictment, a conviction thereunder is a bar to a subsequent prosecution for a sale to the same witness occurring in the same year.

Appeal from Greene Circuit Court.

ALLEN HUGHES, Judge.

Reversed.

*J. D. Block and M. P. Huddleston,* for appellant.

A former conviction was a bar to this indictment. 43 Ark. 68. The *prima facie* case made by defendant was conclusive. 43 Ark. 372; 65 Ark. 38; 9 Ark. 389.

*G. W. Murphy, Attorney General,* for appellee.

There is nothing in the record to prove the identity of the offense. 48 Ark. 34.

RIDDICK, J. The defendant, J. H. Bryant, was at the September term of the Greene circuit court for 1902 indicted for selling liquor without license. The indictment, which was numbered 35, charged that the offense was committed on the 17th day of June, 1902. At the same term of court another indictment was returned against him, in which he was charged with having sold

liquor without license on the 20th day of July, 1902, and this indictment was numbered 36.

The only witness for the prosecution in each of these cases was William Kendall. Bryant was tried on indictment No. 35, in which he was charged with selling on the 17th day of June, and was convicted on the testimony of the prosecuting witness, William Kendall. When the trial for the second indictment came on, the defendant entered pleas of former conviction and of not guilty. To sustain his plea of former conviction, he took the stand as a witness, and testified that he never had any other transaction with William Kendall than the one investigated in the first trial, and that the offenses charged in the two indictments were the same. He also introduced a copy of the evidence given by William Kendall on the former trial, which showed that the testimony in that case was not limited to an offense committed at any particular time, but covered all transactions of the kind between the witness and the defendant occurring within one year before the indictment.

In a similar case Chief Justice Cockrill said that "the state may preclude the possibility of more than one conviction, even where there have been many sales, by taking a wide range in the proof, putting all the guilty sales in evidence, and relying upon the whole proof for a single conviction. In that case the defendant can be convicted upon the proof of any one of the sales made within a year of the finding of the indictment, and it is the established rule that the former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted upon the testimony under the indictment in the first case. *State* v. *Blahut,* 48 Ark. 34.

Now, in this case the evidence shows that the state relied in each case for conviction upon proof of a sale which it was charged that the defendant had made to William Kendall. But on the first trial the testimony of this witness was not limited to sales in June, but he was asked to state and testified generally about sales of liquor made by Bryant to him within one year before the finding of the indictment, which would include sales made in July as well as in June. There is nothing to show that on the trial of indictment 35 the jury were directed not to consider the sales made in July, but, on the contrary, the evidence tends to show

that all of this testimony went before the jury as evidence upon which the defendant might be convicted. This case then comes within the rule laid down in *State* v. *Blahut*. The evidence of the defendant made out a *prima facie* case in favor of his plea of former conviction; and as there was no contradictory evidence introduced on the part of the state, we are of the opinion that the court erred in overruling his plea. 9 Enc. Plead. & Prac. 637.

Judgment reversed, and case remanded for a new trial.