## STATE v. LISMORE.

### Opinion delivered March 14, 1910.

1. BAWDY HOUSES—PARTICIPATION IN KEEPING.—The fact that aldermen of a city voted for a resolution the effect of which, if enforced, would have been to license the keeping of bawdy houses in the city was not sufficient to make them participants in the subsequent keeping of the bawdy houses in the city. (Page 211.)

2. CRIMINAL LAW—FORMER CONVICTION.—A former conviction of a criminal offense is a bar to a subsequent indictment for any offense of which the accused might have been convicted under the indictment or information and testimony in the first case. (Page 212.)

Appeal from Ouachita Circuit Court; *George W. Hays,* Judge; affirmed.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellant.

*Powell & Taylor* and *Thomas W. Hardy,* for appellees.

BATTLE, J. The appeals in the above styled cases grow out of the same trial, had on the 5th day of November, 1909, under the same indictment. It is charged in the indictment that Roy Lismore, F. L. Agee, Ed Harper, J. G. McDonald and E. H. Carson kept and maintained a bawdy house in the city of Camden, in the State of Arkansas, on the second day of August, 1908, and on divers other days between that day and the tenth day of April, 1909. The defendants pleaded not guilty to the indictment, and Roy Lismore, in addition to the plea of not guilty, filed a plea of former conviction of the same offense, verifying it by the record.

There was no evidence tending to prove that Carson, Harper, Agee and McDonald were guilty of the crime charged. They were aldermen and members of the city council of Camden, which passed a resolution, the effect of which, if enforced, would have been to license the keeping of bawdy houses in Camden by any one upon the monthly payment of $25, and they voted for the resolution. But this was not sufficient to make them participants in the keeping of the bawdy houses in Camden that were kept after the resolution was passed. They were properly acquitted.

The defendant, Roy Lismore, offered to prove the allegations made in her plea of former conviction. She offered to

prove that an information accusing her of keeping a bawdy house on the third day of July, 1909, in the county of Ouachita, in this State, was filed against her before W. A. Perry, a justice of the peace of Ouachita County, Arkansas; and to prove by the record of the Ouachita Circuit Court that this accusation was taken by appeal from the court of W. A. Perry, a justice of the peace, and tried in that court before a jury; to prove the evidence adduced in the trial; to prove that the jury was instructed by the court that if they believed from the evidence in the case, beyond a reasonable doubt, that the defendant, Roy Lismore, in Ouachita County, Arkansas, and within twelve months before the filing of the information, did unlawfully keep and maintain a certain bawdy house, etc., they should find her guilty, and assess her punishment at a fine of some amount not to exceed $100, and by imprisonment in the county jail for some period of time not to exceed three months; and to prove the judgment of the court by competent evidence, and thereby that she was convicted by the jury, who assessed her punishment at a fine of $100 and three months' imprisonment in the county jail, and that judgment was rendered accordingly. And the court refused to allow her to make any part of such proof, and on motion of the plaintiff struck from the record of the court her plea of former conviction of the same offense; to all of which the defendant excepted, and reserved exceptions.

After hearing the evidence adduced for their consideration, the jury found the defendant, Roy Lismore, guilty and assessed her punishment at a fine of $100 and three months' imprisonment. The court rendered judgment according to the verdict, and the defendant, Lismore, appealed.

In *State* v. *Nunnelly,* 43 Ark. 68, it is said: "The established rule is that the former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted under the indictment and testimony in the first case."

In the case in which appellant was charged with keeping a bawdy house by the information filed before a justice of the peace the State could have shown, if it had sufficient evidence, that the offense was committed within twelve months before the 6th day of July, 1909, the date of the filing of the information,

and for that purpose could have adduced all the evidence of the commission of such offenses within that time, and relied upon the whole proof for a single conviction. In that case the appellant could have been convicted of any one of the offenses proved, if any; and such a conviction would be a bar to a subsequent indictment for any offense of which the defendant might have been convicted upon the testimony under the information in the first case. *State* v. *Blahut,* 48 Ark. 34; *Bryant* v. *State,* 72 Ark. 419.

Under the instructions given by the court in the prosecution instituted by the filing of the information before the justice of the peace on the 6th day of July, 1909, the jury could have found the defendant guilty of the keeping of a bawdy house, which they believed from the evidence adduced in that case beyond a reasonable doubt that the defendant committed in Ouachita County within twelve months before the filing of the information, a period of time extending from the 6th of July, 1908, to the 6th of July, 1909, and embracing the time within which the offense is charged in the indictment before us to have been committed, towit, from the 2d day of August, 1908, to the 10th day of April, 1909. If such evidence proved that more than one of such offenses were committed in the twelve months, and the defendant was convicted of any one of them, then such conviction is a bar to an indictment for any of them. According to this test, the evidence offered by the defendant and refused by the court was sufficient to entitle her to the submission of the issue, tendered by her plea of former conviction, to the jury for determination upon the evidence, and the court erred in striking the same from the record.

The judgment in favor of Agee, Harper, McDonald and Carson is affirmed, and the judgment against the defendant, Lismore, is reversed, and the cause is remanded for a new trial.