## MASON v. STATE.

Opinion delivered February 5, 1917.

1. APPEAL AND ERROR—REPEATING INSTRUCTIONS.—It is not error for the trial court to refuse to grant a requested instruction which is covered by one given orally by the court.

2. LIQUOR—ILLEGAL SALE—EVIDENCE OF OTHER SALES.—In a prosecution for the illegal sale of liquor, it is not improper to admit testimony showing other sales by defendant within a year of the finding of the indictment, and of a search and seizure of liquors on the defendant's premises near the time of the alleged sale.

3. EVIDENCE—ILLEGAL SALE OF LIQUOR.—Defendant was indicted for the illegal sale of liquor to one F. F. testified to the facts of the sale to him; held, it was proper to permit one H., a deputy sheriff, to testify that F. went into the house, procured the whiskey and brought it back to him, H. having given F. the money with which to buy the liquor. The testimony of one witness may be corroborated in part or in whole by that of another.

4. TRIAL—IMPROPER REMARKS OF TRIAL JUDGE—PROSECUTION FOR ILLEGAL SALE OF LIQUOR.—In a prosecution for the illegal sale of liquor, the testimony showed that a deputy sheriff had procured one F. to make the purchase from the plaintiff, which was the subject of

the prosecution. In instructing the jury, it was error for the trial judge to discuss the evidence and express his opinion as to the weight that the jury should give thereto. The jury is the sole judge of the weight to be attached to the evidence without suggestion from the court either directly or indirectly.

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea*, Judge; reversed.

*McNemer & McNemer*, for appellant.

1.   The court erred in refusing instructions 2 and 3 asked by defendant. 124 Ark. 20; 114 Ark. 391.

2.   Evidence of other sales was clearly inadmissible. Black on Intox. Liquors, par. 505; Woolen & Thornton on Intox. Liquors, par 931, and cases cited; 23 Cyc. 269, (3) and notes 73, 74; 68 So. 673; 69 *Id.* 227; 7 Enc. Ev. 753; 120 Ark. 157.

3.   The testimony of J. J. Hawkins was errone-ously admitted. It was highly prejudicial. It was wrongful corroboration.

4.   The remarks of the court were highly preju-dicial. By indirection they express the opinion of the court on the weight of the evidence that defendant was guilty.

*John D. Arbuckle*, Attorney General, and *T. W. Campbell*, Assistant, for appellee.

1.   Instructions 2 and 3 were properly refused. Each contains a statement that is clearly not the law; all that portion of each correctly stating the law was given in No. 5. Act 30, Acts of 1915, § 2.

2.   The evidence fully supports the verdict. The testimony of Jackson shows a sale.

3.   It was not error to admit evidence of more than one sale. 23 Cyc. 269, 262; 48 Ark. 34; 43 *Id.* 68; 72 *Id.* 419.

4.   J. J. Hawkins' testimony was admissible as corroborating Floyd's. 16 Cyc. 1119; 128 Ala. 662; 72 Vt. 295.

5.   The remarks of the court were neither improper nor prejudicial.

HUMPHREYS, J. Mattie Mason, appellant, was indicted, tried and convicted in the first division of the Pulaski Circuit Court for unlawfully and feloniously selling and giving away one quart of alcoholic, vinous, malt, fermented and spirituous liquor, and being unlawfully and feloniously interested in the sale and giving away of said alcoholic, vinous, malt, fermented and spirituous liquors. After conviction, proper proceedings were had and the cause appealed to this court. Appellant requested five instructions, three of which were refused and two given by the court.

Instruction No. 2, asked and refused, requested the court to say to the jury that if appellant acted as agent of a purchaser she would not be guilty under the indictment.

Instruction No. 3, asked and refused by the court, requested the court to say to the jury that appellant would not be guilty under the indictment, if she simply told the purchaser where he could procure liquor, and that before she could be convicted she must either sell or be interested, directly or indirectly, in the sale of said liquor to the prosecuting witness.

(1) We have compared these instructions with the instructions of the court and find that he completely covered the points contended for in these instructions in the oral instructions given to the jury. Both instructions being fully covered by the general instructions of the court, no error was committed in refusing to give those asked by appellant.

(2) It is contended that the trial court committed prejudicial error because he permitted the introduction of evidence of other sales within a year of the finding of the indictment; and of a search and seizure of liquors on the premises of appellant near the time of the alleged sale. Our court has decided otherwise. *State* v. *Nunnelly*, 43 Ark. 68; *State* v. *Blahut*, 48 Ark. 34; *Bryant* v. *State*, 72 Ark. 419.

(3) One J. J. Hawkins, a deputy sheriff, gave Jackson Floyd, the prosecuting witness, money to buy the liquor from appellant. Hawkins was permitted to

testify that Floyd went into the house, procured the
whiskey and brought it back to him. Floyd had testified
to these facts and it is contended that the deputy
sheriff's testimony had the effect of enlarging Floyd's
testimony in the estimation of the jury. It is perfectly
proper to corroborate the evidence of one witness in
part or in whole by another witness. No authority is
cited in support of the exclusion of this character of
evidence and we have no such authority in mind. Of
course, Mr. Hawkins did not see Floyd buy the liquor
but he sent him in with the money for that purpose and
saw him come out of the house in a short time with the
liquor. It could in no sense be termed "wrongful and
prejudicial corroboration," as contended by appellant.
It was testimony tending to prove that Floyd purchased
the liquor from appellant's home. The fact that liquor
could be procured in appellant's home was a circum-
stance tending to prove that she was selling liquor, or
aiding others in the sale thereof, and the proof was
admissible.

(4) While instructing the jury, the court referred
to the fact that the deputy sheriff had furnished Floyd
money to buy the liquor in the following manner:
"You find in the enforcement of all laws, where a party
is suspected, sometimes the only way to detect it is
to get some one to make that kind of purchase. Now,
for instance, I can illustrate; suppose a man in the
Government service is embezzling money from the
mails. It is legitimate to send decoy letters to catch
the man who is embezzling the money. Sometimes that
is the only way you do it."

Some men are inclined to give less weight to this
character of evidence than others. An illustration of
this kind made by a distinguished jurist is apt to in-
fluence. It partakes of the nature of argument rather
than declaration of law.

Again the court said: "Sometimes it happens that
decrepit people are put up to violations of the law on
account of the effect their presence might have with the
jury, when the real party hides behind it. I do not say

that's true in this case, but it sometimes happens. What you want to do is to look into the whole transaction." The jury is the sole judge of the weight to be attached to the evidence without suggestion from the court, either directly or indirectly. This part of the court's instruction partakes of the nature of the expression of an opinion on the weight of the evidence.

Our attention is called to other parts of the court's instructions which appellant contends were expressions by the court of the weight to be attached to different parts of the evidence. It is unnecessary to repeat them all in this opinion. The expressions set out above in the court's charge, together with others of like tenor and effect, constitute prejudicial error in the opinion of this court; therefore, the judgment is reversed and the cause remanded for a new trial.