THE NATIONAL LIFE & ACCIDENT INS. CO. *v.*
HENDERSON.

Opinion delivered February 12, 1917.

1. APPEAL AND ERROR—DISPUTED QUESTION OF FACT.—On material
issues, a disputed question of fact must always go to the jury.

2. ACCIDENT INSURANCE—EXTENT OF DISABILITY—QUESTION FOR JURY.
—Plaintiff had an accident policy in defendant company, providing
for the payment of certain sums in the event of total disability for a
certain time, and other sums in the event of partial disability. *Held,*
where the evidence was disputed as to plaintiff's total disability, that
a peremptory instruction, directing a verdict in his favor on the
ground that he was totally disabled for a certain time, was erroneous.

Appeal from Sebastian Circuit Court, Ft. Smith
District; *Paul Little,* Judge; reversed.

*Geo. F. Youmans,* for appellant.

1. It was error to give a peremptory instruction.
The question of total or partial disability should have
been submitted to the jury under proper instructions.
The judgment should be reversed. 91 Ark. 340; 91
Ark. 337; 97 *Id.* 438; 103 *Id.* 401; 111 *Id.* 607; 97 Ark.
442.

2. Plaintiff was insured as a manager of a cigar
store and should not have been permitted to prove
disability as to any other business.

*J. Sam Wood,* for appellee.

1. Under the evidence plaintiff was wholly dis-
abled within the terms of the policy. The object
in construing policies of this character is to arrive at the
intention of the parties. The object is indemnity for loss
of time by reason of accident to the assured, which
disables him, substantially, to perform his duties. 94
Ark. 417, 430; 4 Det. L. N. 777; 80 Me. 244.

2. The proof shows disability to attend to his
business. 164 (Ark.) S. W. 750; 41 Atl. 182; 79 Pac.
176. Plaintiff was entitled to a verdict. Disability was
shown. 92 Ark. 284.

3. It was the duty of the court to instruct a ver-
dict. 97 Ark. 442; 89 *Id.* 24; 97 *Id.* 425; 56 N. E. 808;
97 Ark. 417.

HUMPHREYS, J. Appellee, Allen B. Henderson, brought suit before a magistrate in the Fort Smith District of Sebastian county and obtained judgment against appellant, The National Life & Accident Insurance Co., for $60.00, 12% damages, $15.00 attorney's fee and costs, under an insurance contract, on account of an accidental injury to his finger received while lowering a window in a passenger coach. The case was appealed to the circuit court and by peremptory instruction, appellee was given a judgment for $68.10 including the statutory penalty, $25.00 attorney's fee and costs. The necessary steps were taken and the case is here on appeal.

Appellee claims for total loss of time for three weeks at the rate of $20.00 per week under section "B" of the policy of insurance which is as follows:

"The company will pay indemnity at the rate of the weekly indemnity for each whole day, not exceeding two years, immediately and continuously following the accident, that the assured is wholly disabled and prevented solely by such injury from performing any and every duty pertaining to his business or occupation and is not engaged in or performing the duties of any other business or occupation for wages or profit and is under the regular treatment of a licensed physician.

"Or, if the total continuous disability of the assured does not immediately follow the accident, but begins within thirty days thereafter and is as otherwise defined and limited in the foregoing paragraph, the company will pay for each whole day of such total continuous disability, not exceeding two years, indemnity at the rate of one-half the weekly indemnity.

"Or, if the total continuous disability of the assured, whether it immediately follows the accident or begins within thirty days thereafter, is not the result of such injury, but is the direct result of a bodily injury effected accidentally and independently of all other causes and through means other than external and violent and is as otherwise defined and limited in the first paragraph of this section, the company will pay

for each whole day of such total continuous disability, not exceeding two years, indemnity at the rate of one-half the weekly indemnity."

Appellant admits liability for partial loss of time for three weeks at the rate of $10.00 per week under section "C" of the policy which is as follows:

"The company will pay indemnity at the rate of one-half the weekly indemnity for each whole day, not exceeding six months, immediately and continuously following the accident or total disability, that the assured is partially disabled and prevented solely by such injury from performing important daily duties essential to his business or occupation and is under the regular treatment of a licensed physician."

In the application for insurance, appellant stated that he was "Manager of cigar store, office and counter duties only; and the kind of business conducted is cigars and soft drinks."

It will be observed that under section "B" of the contract, appellee is insured against any injury which prevented him from performing any and every duty pertaining to his business or occupation; and under section "C" of the contract is insured against any injury which prevented him from performing important daily duties essential to his business or occupation.

Appellant contends that the circuit court committed error in refusing to submit the questions of total or partial disability to the jury under proper instructions.

The court instructed a verdict for the plaintiff on the theory that the undisputed evidence showed a total disability of the appellant for three weeks on account of the accidental injury. A peremptory instruction could be justified on condition only that the undisputed evidence disclosed the fact that the injury prevented appellee from performing any and every duty pertaining to his business or occupation. The injury to his finger caused him much suffering and pain and there is evidence tending to show that he was totally incapacitated from transacting business during the period of three weeks immediately following the accident. There is,

however, some substantial evidence in the record tending to show a partial disability only, during this period of time.

Appellee was never confined to his bed. He was able to go to town every day and was actually in his place of business for a period of time almost every day after the injury occurred. He was able to and did drive his own automobile.

The record in this case presents a disputed question of fact as to whether appellee was totally or partially incapacitated from attending to his business during the period of three weeks immediately subsequent to receiving the injury.

On material issues, a disputed question of fact must always go to the jury.

The court committed error in giving the peremptory instruction complained of and excepted to under the record in this case. The judgment is reversed and the cause remanded for a new trial.

