## SPRINGER *v.* STATE.

### Opinion delivered May 7, 1917.

1. LIQUOR—ILLEGAL SALE—INDICTMENT—NAME OF PURCHASER.—The name of the person to whom accused is alleged to have made an illegal sale of liquor, need not be set out in the indictment charging the offense.

2. LIQUOR—ILLEGAL SALE—PURCHASER AS WITNESS.—In a prosecution for the illegal sale of liquor, the purchaser is not an accomplice of the seller, and the statute requiring corroboration of the testimony of an accomplice to sustain a conviction does not apply in such case.

3. LIQUOR—ILLEGAL SALE—PROOF OF RECEIPTS OF LARGE QUANTITIES OF LIQUOR.—In a prosecution for the illegal sale of liquor, where the purchaser testified that he purchased liquor from defendant in July or August, evidence is admissible of the receipt by defendant of large quantities of liquor in January, February, March, April, May and June of the same year.

4. LIQUOR—ILLEGAL SALE—IDENTITY OF SELLER.—Where a witness testified that he purchased whiskey from defendant, and the evidence showed the parties to be well acquainted, evidence that others in the neighborhood had large quantities of whiskey in their possession, was properly excluded.

Appeal from Logan Circuit Court, Southern District; *James Cochran,* Judge; affirmed.

*J. H. Evans* and *Ratterree & Cochran,* for appellant.

1. The demurrer should have been sustained to the indictment. It did not contain the name of the alleged purchaser of the liquor. 16 Ark. 506; 19 *Id.* 613; *Ib.* 630; 40 *Id.* 453; 125 Ark. 47; 23 L. R. A. (N. S.) 581; Bishop on Stat. Crimes, § 1037; 30 Fed. 112.

2. The evidence is not sufficient to support the verdict.

3. The court erred in permitting Dale Ayers' testimony to go to the jury as to liquor shipments. 51 Ark. 186; Black on Intoxicating Liquors, § 524; 121 Ind. 491; 23 N. E. 287; 83 S. W. 935; 188 *Id.* 803; Joyce on Intoxicating Liquors, § 671; 23 Cyc. 249. Mere suspicion is not sufficient. 50 Ark. 312.

4. It was error to refuse to allow defendant to show shipments of liquors to other parties.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The indictment is sufficient. It is not necessary to set forth the name of the vendee of the liquor. 2 McClain on Cr. Law, § 1274; 2 Wharton Cr. Law (10 ed.), § 1510; 25 Cyc. 232; 17 Wend. (N. Y.) 475; 15 Vt. 290; 17 Ill. 158; 3 *Id.* 435; 21 Wis. 204; 22 *Id.* 441; 20 Ia. 438; 37 *Id.* 462; 15 Mo. 430; 24 *Id.* 532; 29 *Id.* 415; 38 *Id.* 359. 368; 68 Mo. 260; 35 Kan. 271; 1 Dak. 308; 4 Dev. & Bat. (N. C.) 319; 43 Miss 397; 89 Ga. 483; 36 W. Va. 659; 23 Fla. 316; 16 Ark. 506; 19 *Id.* 630, 636; 40 *Id.* 453; 43 *Id.* 150; 125 *Id.* 47, and many others. Our statute requires that "the particular circumstances of the offense charged" shall be stated in the indictment only "where they are necessary to constitute a complete offense." Kirby's Digest, § 2227. The question is settled in this State. Ark. Cases, *supra;* 64 Ark. 194.

2. The evidence is sufficient to sustain the verdict. The testimony of the deputy constable is corroborated. *Mason* v. *State,* Ark. Law Rep. March 8, 1917, p. 286. The credibility of a witness is a question for the jury. 36 Ark. 653; 32 *Id.* 222; 29 *Id.* 141. The jury believed Bragg. Their finding can not be disturbed on appeal. 95 Ark. 172; 104 *Id.* 162; 101 *Id.* 51; 100 *Id.* 330; 92 *Id.* 120; 95 *Id.* v. *State, supra;* 43 Ark. 34, 68; 72 *Id.* 419.

3. There was no error in admitting evidence of the shipping of liquors to appellant during the months from January to June, 1916. It was not too remote. Wharton on Ev., § 20; 33 Me. 367. See also 72 Me. 531; 97 Ind. 430; 82 Me. 512; 42 Ark. 542; 16 Cyc. 1114. If irrelevant, it was harmless. 24 Col. 204; 124 Ala. 106; 64 Conn. 553. If the evidence tends to support the issue, however remotely, it is admissible. 63 Ia. 599; 122 Mass. 163; 69 Mich. 400; 7 Wash. 327; 165 Mass. 18. It is proper to admit testimony showing other sales by defendant. *Mason* v. *State, supra;* 43 Ark. 34, 68; 72 *Id.* 419.

4. There was no error in refusing to permit defendant to prove that certain other persons also received large shipments of liquor during the first half of 1916.

5. No exceptions were saved to the overruling of the demurrer. Kirby's Digest, § 6222; 73 Ark. 407; 105 *Id.* 82; 78 *Id.* 284; 88 *Id.* 505; 70 *Id.* 418, etc. The bill of exceptions is not signed by the judge. Kirby's Digest, § § 2341, 6225; 58 Ark. 110; 102 *Id.* 439; 95 *Id.* 331; 103 *Id.* 569. In the absence of a bill of exceptions questions of evidence can not be reviewed. Kirby's Digest, § 2431; 84 Ark. 342; 86 *Id.* 456; 95 *Id.* 239; 88 *Id.* 350; 94 *Id.* 147; 91 *Id.* 443; 80 *Id.* 600; 95 *Id.* 302; 94 *Id.* 560.

SMITH, J. This appeal is prosecuted to reverse a judgment sentencing appellant to the penitentiary for the illegal sale of intoxicating liquors.

(1) There was a demurrer to the indictment upon the ground that it failed to allege the name of the person to whom the liquor was sold. During the time that the sale of intoxicating liquors was only a misdemeanor, under the laws of this State, this court became thoroughly committed to the doctrine that it was unnecessary to allege the name of the purchaser in charging an unlawful sale of liquor. The courts of the country are not in harmony on this question, and there are a number of courts of the highest authority which hold that it is essential to allege the name of the vendee of the liquor in the indictment for the unlawful sale thereof. It is insisted, on behalf of the State, however, that the decisions of this court are in accord with the weight of authority on this subject, and a very long list of cases, which evinces much research, is cited in support of this contention. We do not stop, however, to consider this question, as this court took its position on that subject in the early case of *State* v. *Parnell*, 16 Ark. 506, and has adhered to this ruling in a number of subsequent cases. It is insisted, however, by learned counsel for appellant that a different rule should obtain now that the grade of the offense has been raised from a

misdemeanor to a felony. A similar contention was made in the case of *McNeil* v. *State,* 125 Ark. 47, in which case we said:

"It is true the offense has been raised to the grade of a felony by the new law, fixing the punishment, but it is still not an offense against the property or person of an individual and the gravamen of the offense consists in the selling of the liquor, and it was not necessary, as held heretofore, to allege the name of the person to whom the liquor was sold. The offense is charged substantially in the language of the statute and in such a manner as to enable a person of common understanding to know what is intended, and the accused to understand what he is called upon to answer, and with a sufficient degree of certainty to enable the court to pronounce judgment on conviction, according to the right of the case. *Howard* v. *State,* 72 Ark. 586; *Parker* v. *State,* 98 Ark. 578; *Quertermous* v. *State,* 95 Ark. 61."

(2) It is urged that the evidence in the case is insufficient to support the verdict. But a witness testified that he purchased a pint of alcohol from appellant, and paid him a dollar therefor. We have held that the purchaser is not an accomplice of the seller, and that the statute requiring corroboration of the testimony of an accomplice to sustain a conviction did not apply in such cases. *Wilson* v. *State,* 124 Ark. 477, 187 S. W. 440. Portions of the testimony of this witness appear to indicate a lack of intelligence, or of candor; but it was the province of the jury to pass upon the veracity of the witnesses, and, as the jury evidently accepted as true the statement that the sale was made, further inquiry into that feature of the case is precluded.

(3) The alleged sale was made on either the 12th of July or of August, the witness being uncertain as to the month, and it is insisted that either date is too far removed from the dates of certain shipments of liquor to appellant to make relevant and material the proof of such shipments. It was shown that, during the months

of January, February, March, April, May and June, 1916, appellant received consignments of liquor in larger quantities than would be required for his personal use, and the State proved the receipt by him of 36½ gallons of whiskey during those months.  Appellant testified that the condition of his health required him to use large quantities of liquor, and he further insists that the evidence is irrelevant and immaterial.  The offense charged could not, of course, be committed by the mere receipt of large quantities of intoxicating liquors, whatever the purpose of their receipt may have been.  Proof of a sale was essential to sustain a conviction; but the instructions made this perfectly clear.  This evidence did tend to show that appellant had provided himself with large quantities of liquor, and that he was in position to commit the crime charged, and the evidence was not, therefore, objectionable upon the ground that it was irrelevant.  It may have been entitled to but little weight—however, this was a question for the jury—but, as it did tend to support the charge preferred, it can not be held to be immaterial, and its admission was not prejudicial.  *Mason v. State,* 127 Ark. 286, 192 S. W. 207.

(4)  Appellant also complains that he was refused the right to show that others had received liquors in as large quantities as himself.  There is no question here about the identity of the person who made the alleged sale.  The purchaser and appellant were well acquainted, and the question between them is one of veracity, and not of identity, and it could profit appellant nothing to show that other persons had liquor in quantities sufficiently large to indicate an unlawful purpose in its disposition, and no error was committed in the exclusion of this evidence.

Finding no prejudicial error, the judgment is affirmed.