## MALONE v. STATE.

### Opinion delivered July 7, 1919.

1. CRIMINAL LAW—RIGHT OF PARTIES TO SPECIFIC INSTRUCTIONS COVERING HIS THEORY OF THE CASE.—A party to a suit has the right to a statement to the jury both of the principles of law controlling his case and of the specific application of those principles to the facts in evidence, that is to say, either party has a right to insist upon a concrete application of the legal principle involved, to the facts in evidence, and a declaration from the court that these facts, if believed by the jury to be true, call for the application of the principle.

2. LIQUOR—ILLEGAL SALE—THEORY OF DEFENSE—DUTY OF COURT TO PRESENT.—In a criminal prosecution for the illegal sale of liquor, the defendant is entitled to have his theory of defense, that the prosecuting witness was an accomplice in the illegal sale, presented to the jury in a proper instruction, there being evidence to warrant such a submission; and it is reversible error to refuse to submit that issue.

Appeal from Crittenden Circuit Court; *R. E. L. Johnson*, Judge; reversed.

*Hugh Haden* and *Berry & Wheeler*, for appellant.

It was error to refuse the instructions asked by defendant and especially No. 5. He was convicted solely upon the testimony of Chris Parker, unsupported and uncorroborated in any way. Higgins does not corroborate Parker on any fact connected with the sale. There was

really no sale to Parker, but he was the agent of Malone. Defendant's theory of the case was not given to the jury by any instruction. 50 Ark. 545. The only witness was an accomplice of defendant. 95 Ark. 233; 43 *Id.* 367; 51 *Id.* 115; *Ib.* 189. Defendant's theory was not given to the jury at all. 50 *Id.* 545; 52 *Id.* 345. The court should not indicate an opinion on the facts, but in giving the law only determine whether there is any *evidence at all* justifying a particular instruction. 74 Ark. 460; 92 *Id.* 499. Instruction No. 3 as asked was sustained by the evidence. It is a copy of section 2384, Kirby's Digest, except the misdemeanor part is omitted. The failure to give those requests of defendant and the giving of the instructions for the State was prejudicial error. 111 Ark. 299; 93 *Id.* 600-3.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

There was no error in refusing instruction No. 5 for defendant. There was no evidence upon which to predicate it. Defendant was tried for a sale to Chris Parker and not for directly or indirectly being interested in sales by Parker to other persons. There was in fact a sale to Parker and evidence that Parker was not acting as agent of defendant. A sale is defined in 1 Mechem on Sales, p. 3. The testimony is undisputed and therefore the question of whether or not the transaction was a sale or an agency was one of law for the court to decide, and therefore was no error in refusing No. 5 as asked. Mechem on Sales, par. 50. It was clearly a sale and Chris Parker was not an accomplice. 129 Ark. 106. On the whole case the evidence shows a sale and there was no error in the trial.

### STATEMENT OF FACTS.

Henry Malone prosecutes this appeal to reverse a judgment of conviction against him for the illegal sale of intoxicating liquors.

Chris Parker, a witness for the State, testified that he had known the defendant about a year and had

bought from him a case of whiskey in Crittenden County, Arkansas, for which he agreed to pay him the sum of $70. He said that he did not himself pay the defendant the money but his wife paid him later; that the purchase of the case of liquor occurred sometime between the 14th and 18th of December, 1918; that he and Sandy Higgins at another time bought some liquor at defendant's place of business from a colored man.

On cross-examination the witness stated that he bought the whiskey from the defendant for the purpose of selling it again and that he was to retain all that he sold it for over $70. We quote from his testimony on cross-examination as follows:

Q. How much did you sell this liquor for?

A. $1.75 a half pint.

Q. How much did you have?

A. A case.

Q. 48 half pints?

A. Yes, sir.

Q. You were to sell that for one dollar and seventy-five cents a half pint. You were Mr. Malone's agent then?

A. Yes, sir. It was his stuff.

Q. How much was you to get?

A. The balance over seventy dollars.

Q. And you did not sell enough to make $70?

A. No, sir.

Q. Sold only about half of it?

A. Yes, sir.

Sandy Higgins testified that he and Chris Parker bought a pint of whiskey about the 18th of January, 1919, from a negro at the defendant's place of business and paid $3 for it; that they did not see the defendant at the time and did not see the negro who sold them the liquor sell anything else in the house; that the defendant was running a restaurant and lunch counter.

The jury returned a verdict of guilty and fixed the punishment of the defendant at one year in the State penitentiary.

From the judgment of conviction, the defendant has duly prosecuted an appeal to this court.

HART, J., (after stating the facts). It is contended by counsel for the defendant that the court erred in refusing to give instruction No. 5 asked for by him. The instruction reads as follows:

"If you find from the evidence that the witness Parker, did not purchase the liquor from Malone, but was acting as his agent and that he was an accomplice in the sale alleged to have been made by the witness, Parker, to other persons, then unless you find from the evidence in the case that the said witness, Parker, has been corroborated on some material fact in this transaction, you will find the defendant not guilty."

The Attorney General first contends that there is no evidence upon which to predicate this instruction. He contends that the testimony of Chris Parker only warranted the jury in finding that he had purchased the liquor from the defendant. In *Springer* v. *State,* 129 Ark. 106, the court held that in a prosecution for the illegal sale of liquor, the purchaser is not an accomplice of the seller, and the statute requiring corroboration of the testimony of an accomplice to sustain a conviction does not apply in such a case. Hence he contends that the court did not err in refusing the instruction.

The weakness of the argument lies in the fact that the jury need not necessarily have found that Parker purchased the liquor from the defendant although it might have done so. Parker testified on cross-examination in response to questions asked him that the liquor belonged to Malone and that he acted as Malone's agent in selling it. Although he had stated on his direct examination that he himself had purchased the liquor from Malone, when his whole testimony is read together, the jury would have been warranted in finding that he acted as agent for the defendant in selling the liquor. In this view of the case the instruction asked for by the defendant and refused by the court was not abstract, but was

a correct instruction submitting to the jury the defendant's theory of the case, that the prosecuting witness was the agent of the defendant in selling the liquor and was not a purchaser of the liquor from the defendant.

The defendant's theory of the case was not presented to the jury in any other instruction given by the court. It is true the court did instruct the jury in substance that in order to find the defendant guilty it must find that Chris Parker purchased from him a case of intoxicating liquor, or some other amount of intoxicating liquor for the sum of $70, or for any other price; but the instruction as given only submitted to the jury the State's theory of the case and did not submit to it the theory of the defendant.

It has been uniformly held by this court that a party has the right to a statement to the jury both of the principles of law controlling his case, and of the specific application of the principles to the facts in evidence. In other words, the defendant has a right to insist upon a concrete application of the legal principle involved to the facts in evidence, and a declaration from the court that these facts, if believed by the jury to be true, call for the application of the principle.

The court submitted to the jury the State's theory of the case and refused to submit that of the defendant. Such action tended to confuse and mislead the jury and constituted prejudicial error calling for a reversal of the judgment.

For the error in refusing to give instruction No. 5 asked for by the defendant, the judgment will be reversed and the cause remanded for a new trial.

HUMPHREYS, J., (dissenting). This case turns upon whether Chris Parker, the prosecuting witness, was the agent of appellant in the sale of a certain case of whiskey. If so, Chris Parker was appellant's accomplice, and appellant should not have been convicted on the uncorroborated testimony of his accomplice. If,

however, Chris Parker purchased the case of liquor for cash or on credit, even with the privilege of returning all or any part of it, then Chris Parker was a purchaser, and in no sense an accomplice of appellant; and, in that event, corroboration of the testimony of the prosecuting witness was not necessary to convict. The direct testimony of the prosecuting witness was to the effect that he purchased the whiskey outright from appellant. It is true he testified on cross-examination that he was appellant's agent, but the facts detailed by him concerning the transaction establish a sale either on credit or with privilege to return all or a part of it. No limitation was placed upon the prosecuting witness by the appellant in the disposal of the liquor. He could sell the liquor upon his own terms, where, when and to whom he pleased. He was to pay a fixed or definite price, to-wit: $70 for the entire case of whiskey. I think the undisputed facts establish a sale, as defined by Mechem on Sales, in vol. 1, paragraphs 34 and 49. Under this view as to the effect of the testimony of the prosecuting witness, I can not agree with the conclusions of the majority. In my opinion, the court properly refused to give instruction No. 5, requested by appellant, submitting the question of whether the transaction constituted a sale or agency. Under the undisputed facts in the case, it was the duty of the court, and not the jury, to determine this question.