JOHNSON *v.* STATE.

Opinion delivered February 28, 1921.

CRIMINAL LAW—FORMER CONVICTION.—In a prosecution for the unlawful sale of liquor, a plea of former conviction was sustained by proof that at a former trial for the same offense a· number of witnesses testified to different purchases of liquor from defendant, that no specific date was mentioned, but that there was a general inquiry covering all sales within the statute of limitations, that the court instructed the jury to convict if they found him guilty of selling liquor within the statute of limitations; the former conviction in such case operating as a bar to any further prosecution for selling liquor illegally within three years of the date of the former indictment.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; reversed.

*E. A. Williams* and *R. W. Holland,* for appellant.

1. The court erred in overruling the plea in bar of former jeopardy. Appellant had once been in jeopardy for the same offense. 1 Bishop, Cr. Law (7 ed.), pp. 1052-4; 101 Ark. 159; 43 *Id.* 68-70; 65 *Id.* 38; 222 S. W. 1066.

2. The court erred in its instructions.

3. The court erred in overruling objections to the questions and answers of Mrs. McAfee.

*J. S. Utley,* Attorney General, and *Elbert Godwin,* Assistant, for appellee.

1. There was no error in overruling the plea of former jeopardy. It was not verified. 32 Ark. 722; 45 *Id.* 97; 54· *Id.* 227. It was not alleged that the former conviction was for the same offense. 48 Ark. 34; 130 *Id.* 48.

2. The motion for continuance was properly denied; it is not made a part of the bill of exceptions. 36 Ark. 305. Nor does it appear in the motion for new trial.

3. No objections were made or exceptions saved to the alleged incompetent testimony. 78 Ark. 40,

4. No exceptions were properly saved to the instructions. 2 R. C. L. 96; 2 Cyc. 738-9; 1 Ark. 349; 26 Ark. 526; 90 Ark. 482.

5. The evidence fully sustains the conviction.

WOOD, J. Appellant was convicted of the crime of selling liquor under an indictment which alleged a sale in Pope County on May 1, 1919. At his trial he interposed a plea of former conviction. In support of that plea he offered the indictment under which the former conviction was had. That indictment alleged a sale on May 15, 1919.

Appellant offered to introduce testimony to the effect that at the former trial a number of witnesses testified to different purchases of liquor they had made from him, that no specific date was mentioned by the witnesses, but there was a general inquiry covering all sales within the statute of limitation. That the court instructed the jury that "if they found the defendant guilty under the testimony of selling whiskey any time within three years from the returning of said indictment, they should find him guilty," and that neither the testimony nor the instructions were confined to any specific sale or date, but covered the whole cycle of time within the statute of limitation.

The court asked counsel if the sales testified about by the witnesses at the former trial were not entirely different transactions from those about which the witnesses testified in the instant case; and counsel for appellant admitted that they were entirely different. Thereupon the court overruled the plea of former conviction, and refused to submit it to the jury.

A majority of the court are of the opinion that the court below erred in its ruling. The offered testimony would have shown that, to secure a single conviction, the State put in issue and proved disconnected sales made at different times to different persons, and that there was no election to rely for a conviction upon any particular sale.

Under the law each sale constitutes a separate offense, and there may be as many convictions as there are separate sales. But, if the State elects to ask a separate conviction for each separate sale, the question of guilt upon each charge must be separately and severally submitted. In other words, the jury must be told that a conviction can be had only upon a finding of guilt of making the particular sale upon which the prosecution has elected to stand.

This was done in the case of *Turner* v. *State,* 130 Ark. 48. At the trial in that case the witnesses detailed a number of sales, but the case was submitted on the issue of guilt of making a sale to one Marshall on which the prosecution elected to rely. Testimony concerning the other sales had been offered solely for the purpose of showing that the cider sold to the witnesses was the same kind of cider which had been sold to Marshall. It was a disputed question of fact as to whether the cider sold to Marshall was intoxicating, and the testimony concerning the other sales had been admitted as tending to show that the cider was intoxicating and that other cider bought at the same place produced intoxication upon those who drank it. It was there held that the prosecution of the other sales was not barred. But this was true only because the State had elected to rely on a specific sale. Had no such election been made, our holding would have been otherwise.

The rule in such circumstances is stated by Judge COCKRILL in the case of *State* v. *Blahut,* 48 Ark. 34, as follows: "It is true the State may preclude the possibility of more than one conviction, even where there have been many sales, by taking a wide range in the proof, putting all the guilty sales in evidence, and relying upon the whole proof for a single conviction. In that case the defendant can be convicted upon the proof of any one of the sales made within a year of the finding of the indictment, and it is the established rule that the former conviction is a bar to a subsequent indictment for any of-

fense of which the defendant might have been convicted upon the testimony under the indictment in the first case.''

The language here quoted has been many times approved by this court. Since the rendition of that opinion, the grade of the offense has been raised from a misdemeanor to a felony and the period of limitation has, of course, been enlarged from one year to three. Section 2886, Crawford & Moses' Digest.

It follows, therefore, that if, to secure a single conviction, the State makes no election to rely upon a particular or specific sale, but offers testimony concerning more than one sale, and allows the jury to decide the question of guilt or innocence upon a finding that any sale had been made about which any witness had been allowed to testify, the State will be held to have merged into a single charge all sales made within three years before the finding of the indictment, and a conviction, or an acquittal, operates as a bar to any further prosecution for selling liquor illegally within three years of the date of the indictment upon which the former trial was had.

Such is the doctrine of the case of *State* v. *Lismore*, 94 Ark. 211. The prosecution in that case was for keeping a bawdy house, and it was there said the State could have shown that the offense was committed within twelve months before the date of the filing of the information in the justice court where the prosecution was begun, and for that purpose could have adduced all the evidence of the commission of such offenses within that time and relied upon the whole proof for a single conviction. And, as was there said by Judge BATTLE: ''in that case the appellant could have been convicted of any one of the offenses proved, if any; and such conviction would be a bar to a subsequent indictment for any offense of which the defendant might have been convicted upon the testimony under the information in the first case. *State* v. *Blahut*, 48 Ark. 34; *Bryant* v. *State*, 72 Ark. 419.'' And,

further, that "if such evidence proved that more than one of such offenses were committed in the twelve months, and the defendant was convicted of any one of them, then such conviction is a bar to an indictment for any of them." See, also, *Johnson* v. *State,* 101 Ark. 159; *State* v. *Nunnelly,* 43 Ark. 68; *DeShazo* v. *State,* 65 Ark. 38; *Hettle* v. *State,* 144 Ark. 564.

Judgment reversed and cause remanded.

HUMPHREYS, J. (dissenting). In my opinion, the plea of former conviction was properly overruled by the trial court. The instant case related to a different transaction or sale than any transaction or sale covered by the evidence at the former trial. Under the statutes of this State each sale of liquor is a separate offense. The test as to whether jeopardy attached by reason of the first conviction does not depend solely upon whether the State made an election but as well upon whether the sale or transaction complained of in the instant case constituted a part of the proof on the former trial. In my humble judgment, the language of the cases cited by the majority is against the conclusion reached by them, and strongly supports the view expressed in this dissent. For example, it was said in *State* v. *Nunnelly,* 43 Ark. 68, that "the established rule is that the former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted under the indictment and *testimony* in the first case." And in the case of *State* v. *Lismore,* 94 Ark. 211, 213, it was said: "In that case the appellant could have been convicted of any one of the offenses proved, if any; and such a conviction would be a bar to a subsequent indictment for any offense of which the defendant might have been convicted upon the *testimony* under the information in the first case."

It strikes my mind as illogical to say that the independent sale or transaction constituting a separate offense can be barred by a former conviction of which proof was not made on the former trial, for aught that

appears, may not have been known to the officers of the law at the time of the former trial.

For the reasons suggested, I am impelled to register my dissent from the majority opinion.